11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

In the
Estate of Jacqueline Elizabeth Grimm, Deceased

No. 11-04-00243-CV -- Appeal from Taylor County

 

Theda Carpenter and Jack George Grimm appeal from
a summary judgment granting motions for summary judgment filed by Shari
Spencer, Phyllis Sue Thomas, and Stephanie Savage, the appellees.  In a single point, the appellants urge that
the trial court erred in granting the appellees=
motions for summary judgment because genuine issues of material fact exist that
prevent the granting of those motions.  
We reverse and remand.

In ruling on the motions for summary judgment, the
trial court set aside its order admitting to probate a 1990 will of Jacqueline
Elizabeth Grimm, which Carpenter had sought to probate, and admitted to probate
a 1999 will, together with its 2001 codicil, all as sought by Spencer.  Carpenter and Jack Grimm are the surviving
children of the deceased and beneficiaries of the 1990 will.  Spencer and Savage are nieces of the
deceased, while Thomas was a housekeeper for the deceased.  Spencer, Savage, and Thomas are all
beneficiaries of the 1999 will and 2001 codicil.  After the appellees had filed their
application to set aside the order probating the 1990 will, the appellants
filed their answer, alleging lack of testamentary capacity on the part of the
deceased and undue influence exerted by the appellees.  After the appellants filed their answer, the
appellees filed, in connection with their motion to set aside the probate of
the 1990 will, a traditional motion for summary judgment asserting that there
was no material issue of fact on the issue of testamentary capacity and a
no-evidence motion for summary judgment with respect to the issue of undue
influence.  In their response to the
appellees= motions
for summary judgment, the appellants sought to show that there was a material
issue of fact on the issue of the deceased=s
testamentary capacity and to present summary judgment evidence of undue
influence exerted by the appellees.  








We will first consider the appellants= argument relating to the appellees= motion for traditional summary
judgment in which the appellees assert that there is no material issue of fact
with respect to the deceased=s
testamentary capacity to make the 1999 will and 2001 codicil.  As movants, the appellees had the burden of
showing that there is no genuine material fact issue and that they are entitled
to judgment as a matter of law.  Ryland
Group, Inc. v. Hood, 924 S.W.2d 120, 121 (Tex.1996).  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant=s
favor.  Joe v. Two Thirty Nine Joint
Venture, 145 S.W.3d 150, 157 (Tex.2004). 
Evidence that favors the movant=s
position will not be considered unless it is uncontroverted.  Great American Reserve Insurance Company
v. San Antonio Plumbing Supply Company, 391 S.W.2d 41, 47 (Tex.1965).  The summary judgment will be affirmed only if
the record establishes that the movant has conclusively proved all essential
elements of the movant=s
cause of action or defense as a matter of law. 
Rhone-Poulenc, Inc. v. Street, 997 S.W.2d 217, 223 (Tex.1999); City
of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678
(Tex.1979).        

The testatrix executed her will on March 26, 1999,
and subsequently executed a codicil on January 26, 2001.  ATestamentary
capacity@ means
possession of sufficient mental ability at the time of execution of the will
(1) to understand the business in which the testatrix is engaged, the effect of
making the will, and the general nature and extent of her property; (2) to know
the testatrix=s next of
kin and the natural objects of her bounty; and (3) to have sufficient memory to
assimilate the elements of the business to be transacted, to hold those
elements long enough to perceive their obvious relation to each other, and to
form a reasonable judgment as to them.  Guthrie
v. Suiter, 934 S.W.2d 820, 829 (Tex.App. - Houston [1st Dist.] 1996, no
writ).  The question of testamentary
capacity is ordinarily one of fact for the jury.  Payne v. Chance, 4 S.W.2d 328, 329
(Tex.Civ.App. - Amarillo 1928, no writ).  









Appellants=
summary judgment evidence consists of affidavits executed by Theda Carpenter
and her husband, Doug Carpenter.  In her
affidavit, Theda discussed her mother=s
long-term drinking problem.  She said
that, over the period of her drinking, her mother had a noticeable decline in
cognitive thinking and a loss of short-term memory, exhibited by the inability
to recall names, places, and/or events in periods of inebriation or
abstinence.  She also indicated that the
long-term drinking impacted her mother=s
ability to function effectively and to exhibit good decision skills in that,
among other things, she had no awareness of how her household bills were being
paid, no reality in regard to finances, and constant and continued
delusional/paranoid thinking.  She
indicated that her mother had been diagnosed with dementia related to
alcoholism.  She referred to several
instances of confusion, at least one occurring in 1998.  She stated that her mother=s alcohol intake continued to make her
mother significantly confused.  She
insisted that her mother=s
short-term memory loss continued to be exhibited even during periods of
abstinence.  She gave examples of her
mother thinking that items taken from the home for legitimate reasons had
instead been stolen.  She stated that in
the summer of 1998 her mother was in a constant state of paranoid/delusional
thinking.  She insisted that her mother=s short-term memory loss only got worse
from just before the will was executed until she died.  The affidavit of Theda=s
husband, Doug, repeated evidence of his mother-in-law=s
drinking problems and stated that the testatrix had very little short-term
memory in the early 1990s.  He stated
that her short-term and long-term memory worsened by the mid-1990s.  He also affirmed the truthfulness of his wife=s affidavit.  The appellees presented summary judgment
evidence to the effect that the testatrix had testamentary capacity at the time
she executed the 1999 will and 2001 codicil. 
We hold that the summary judgment evidence showing chronic impairment of
cognitive mental abilities and delusional thinking on the part of the
testatrix, both before and after the making of the will and codicil, shows that
there is a material fact issue with respect to the testatrix=s testamentary capacity.  See Guthrie v. Suiter, supra at
830-31.

The appellees object to both affidavits as being
conclusory.  As examples of conclusory
statements relating to testamentary capacity, they set forth the
following:  (1) A[t]here
was no significant time span of sobriety with one exception for a short period
of time in 1998@; (2) A[d]uring the last 15-20 years or more,
Mother has self-isolated to her home with no social interaction except weekly
visits to the beauty shop@;
(3) A[a]s her
physical health improved, her agitation increased significantly@; (4) A[m]other
has been told at least 300 times that this chair is in the shop for repair@; and (5) A[h]er
short term memory loss only got worse from then [March 24, 1999] until she
died.@  We have considered all of these and find that
they are statements of fact and not conclusory. 
We hold that there is sufficient non-conclusory summary judgment
evidence to show that there is a material fact issue with respect to the
testatrix=s
testamentary capacity.  We disagree with
the appellees=
conclusion that such evidence creates merely a suspicion that the testatrix
lacked testamentary capacity.  








The appellees contend that the evidence is
insufficient to raise a material fact issue with respect to testamentary
capacity because it merely shows chronic alcoholism and dementia.  They rely on the cases of Payne v. Chance,
supra, and an unpublished case, In re Estate of Hall, No.
05-98-01929-CV, 2001 WL 753795, at *4 (Tex.App. - Dallas July 5, 2001, no pet=n). 
We find both cases to be distinguishable.  In Payne, evidence showed that the
testator, a heavy drinker, when not in a drunken condition, was a man more than
above average in intelligence and above average in mentality.  Payne v. Chance, supra at 331.  The evidence also showed that the testator
did not attempt to conduct his business affairs when he was intoxicated.  Id. at 330.  There was no credible evidence showing
that the testator was intoxicated at the time he executed the will.  Id. 
In this case, Theda=s
affidavit shows that, in addition to alcoholism, the testatrix had cognitive
deficits or dementia both before and after the execution of the 1999 will and
2001 codicil, to the extent that a reasonable person could conclude that she
would not have had testamentary capacity at the time she executed them.       

In Hall, the testatrix made the will after
being diagnosed with Alzheimer=s
disease in 1991.  There was evidence that
her physical and mental condition worsened in the years following.  A witness testified that she did not
understand the effect of her act in making a will after 1991, that she did not
know her material possessions, and that she did not have the lucidity of mind
to understand the elements of business transacted in the execution of the
will.  The court held that the affidavit
was conclusory because it did not state facts showing how the testatrix=s conduct, interactions, and living
conditions changed so as to demonstrate her Airreversible@ and Aworsened@ condition between her diagnosis and
making of the will.  Further, the witness=s affidavit did not demonstrate the
effects of the testatrix=s
impairment.  In the case at bar, however,
Theda=s
affidavit cites examples of her mother=s
impairment from the time of her being diagnosed until her death.  

The appellees also contend that the affidavits are
insufficient because they do not show the testatrix=s
lack of testamentary capacity on the day of the execution of the will and
codicil.  In a will contest on the ground
of testamentary incapacity, the issue is the condition of the testatrix=s mind on the date the will was
executed.  Guthrie v. Suiter, supra at
830.  Evidence of incompetency at other
times can be used to establish incompetency on the date the will was executed
if it demonstrates that the condition persists and has some probability of
being the same condition that existed at the time of the will=s making.  Croucher v. Croucher, 660 S.W.2d 55,
57 (Tex.1983); Guthrie v. Suiter, supra at 830.  The evidence shows that the testatrix had
diminished capacity both before and after the execution of the will and codicil
and that the condition persisted for a long period of time, including periods
of abstinence.  Consequently, as
previously noted, the evidence raises a material fact issue as to her
testamentary capacity.    








We next consider the appellants= claim that the trial court erred in
granting the no-evidence motion for summary judgment with respect to the issue
of undue influence.  A no-evidence
summary judgment is essentially a pretrial directed verdict, and we apply the
same legal sufficiency standard in reviewing such a summary judgment as we
apply in reviewing a directed verdict.  King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex.2003).  Therefore, in considering a no-evidence
motion for summary judgment, we review the evidence in the light most favorable
to the nonmovant, disregarding all contrary evidence and inferences.  Id. at 751.  A no-evidence point will be sustained when (a)
there is a complete absence of evidence of a vital fact, (b) the court is
barred by rules of law or of evidence from giving weight to the only evidence
offered to prove a vital fact, (c) the evidence offered to prove a vital fact
is no more than a mere scintilla, or (d) the evidence conclusively establishes
the opposite of the vital fact.  Id.  Therefore, a no-evidence summary judgment
is improperly granted if the respondent brings forth more than a scintilla of
probative evidence to raise a genuine issue of material fact.  Id. 
Less than a scintilla of evidence exists when the evidence is so
weak as to do no more than create a mere surmise or suspicion of a fact.  Id. 
More than a scintilla of evidence exists when the evidence rises to
a level that would enable reasonable and fair-minded people to differ in their
conclusions.  Id.  

The only summary judgment evidence offered by the
appellants in support of their claim of undue influence is contained in Theda=s affidavit and reads as follows: 

Sue Thomas was later rehired as a sitter for my
mother by court appointed attorney, Forrest McCray.  She took over all activities in the home,
including the continued purchasing of vodka for my mother.  She further was added to her checking account
and paid bills of my mother signing checks in my mother=s
name on some occasions.  I have
personally seen checks paid which bore the signature of Sue Thomas on my Mother=s account.  Sue Thomas isolated my mother in her home and
handled all her functions at the time of the will and codicil in question.  She made all decisions for her.  Sue Thomas had such control over my mother
that overpowered the mind of my mother at the time of executing the will and
codicil in question and my mother would not have executed them otherwise.

 








As previously noted, Theda=s
husband, Doug, in his affidavit, affirmed the statements made by Theda in her
affidavit.  As we analyze this affidavit,
it merely shows that, as her mother=s
caregiver, Sue Thomas had the opportunity to exert undue influence.  While it suggests that Thomas isolated the
testatrix in her home, Theda previously stated in her affidavit that, AMother has self-isolated to her home.@ 
Theda=s
assertion that ASue
Thomas had such control over [her] mother that overpowered the mind of [her]
mother at the time of executing the will and codicil in question and [her]
mother would not have executed them otherwise@
is conclusory.  Consequently, the
evidence is insufficient to present a material fact issue so as to defeat a
no-evidence motion for summary judgment with respect to the issue of undue
influence.  In re Estate of Butts,
102 S.W.3d 801, 803 (Tex.App. - Beaumont 2003, pet=n
den=d); Guthrie v. Suiter, supra at
832.  Accordingly, we sustain the
appellants= point on
appeal with respect to the traditional motion for summary judgment on the issue
of testamentary capacity, and we overrule the appellants=
point on appeal with respect to the no-evidence motion for summary judgment on
the issue of undue influence.  

We reverse the judgment and remand the cause to
the trial court for further proceedings in accordance with this opinion.

 

JOHN G. HILL

JUSTICE

 

September 29, 2005

Panel
consists of: Wright, J., and

McCall,
J., and Hill, J.[1]











[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth sitting by assignment.