James W. CROUCHER, Jr. et al., Petitioners,

v.

Virginia M. CROUCHER, Respondent.

No. C–1855.

Supreme Court of Texas.

Nov. 2, 1983.

Rehearing Denied Dec. 14, 1983.

Ken Powell, El Paso, for petitioners.

James T. Allen, El Paso, for respondent.

SPEARS, Justice.

This case involves a will contest. James Croucher Sr. died in 1980, leaving a self-proving will devising his entire estate to his wife, respondent Virginia Croucher. Petitioners James Croucher Jr. and Kenneth Croucher, Mr. Croucher's sons by a previous marriage, contested the will, alleging that their father did not have testamentary capacity. Based on a jury finding that Mr. Croucher lacked such capacity, the trial court rendered judgment that the will be denied *probate*. The Court of Appeals reversed, holding that the evidence established as a matter of law that Mr. Croucher had testamentary capacity. We reverse the judgment of the Court of Appeals and affirm that of the trial court.

The evidence shows that Mr. Croucher had a history of physical problems, many of which stemmed from his being diabetic. In December 1979, he was admitted to the hospital to have two toes amputated. A brain scan done at that time indicated that Mr. Croucher had a diminished flow of blood to the brain in the right carotid artery. Another brain scan done shortly thereafter showed diminished flow in the corresponding left artery. In late January 1980, Mr. Croucher returned to the hospital to have his left leg amputated. He was readmitted in early March, and an arteriogram revealed that Mr. Croucher's right internal carotid artery was totally occluded. The report from a neurological examination done on that occasion recited that Mr. Croucher's "memory was sketchy and he seemed at times confused."

Mr. Croucher executed the will in question on July 7, 1980. Slightly over a month later, on August 12, he was admitted to the hospital once again. The evidence indicates that Mr. Croucher had suffered a stroke affecting his speech and memory. The hospital admission report stated that Mr. Croucher was suffering from "severe arteriosclerotic cardiovascular disease," and had been undergoing decreasing mental status for one month. Mr. Croucher died on August 17.

The record also contains evidence that Mr. Croucher had testamentary capacity on the date the will was executed. The attesting witnesses stated at trial that Mr. Croucher was lucid and knew what he was doing. Several persons who saw Mr. Croucher at a Fourth of July party, three days before the will was executed, testified that he was alert, was able to carry on a conversation, and participated in a card game. An acquaintance of Mr. Croucher who was also a medical doctor testified that he had seen Mr. Croucher around the same time, that he believed him to be competent, and that the blockage in the carotid arteries would not necessarily cause mental decline.

Against this background, the question is whether Mrs. Croucher established as a matter of law that her husband had testamentary capacity on July 7, 1980. The burden of proving capacity was on Mrs. Croucher. *Siegler v. Siegler,* 391 S.W.2d 403 (Tex.1965.) The fact that the will was self-proved does not shift the burden, because the contest was filed before the will was admitted to probate. *Reynolds v. Park,* 485 S.W.2d 807 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.); *see also In re Price's Estate,* 375 S.W.2d 900, 903 (Tex.1964). Hence, we must sustain the jury's finding that Mr. Croucher did not have testamentary capacity unless Mrs. Croucher conclusively proved that he did. *See W.H. Hodges & Co. v. Donley County State Bank,* 407 S.W.2d 221, 223 (Tex.1966).

Mrs. Croucher clearly produced sufficient evidence to sustain a finding that Mr. Croucher had testamentary capacity. That evidence, if not contradicted, would be enough to establish the matter conclusively. We must determine, then, if James and Kenneth Croucher produced some evidence that their father was not competent to make a will.

There is no direct evidence that Mr. Croucher lacked testamentary capacity on the day that he executed the will. Evidence of incompetency at other times can be used to establish incompetency on the day the will was executed if it "demonstrates that the condition persists and 'has some probability of being the same condition which obtained at the time of the will's making.'" *Lee v. Lee,* 424 S.W.2d 609 (Tex.1968) (quoting 1 McCormick and Ray, *Texas Law of Evidence* § 896, at 675 [2d ed. 1956] ).

Thus, the evidence adduced by the Croucher sons must pass two tests. First, was the evidence of the kind that would indicate lack of testamentary capacity? Second, if so, was that evidence probative of Mr. Croucher's capacity, or lack thereof, on July 7, 1980, when the will was executed?

The answer to both questions is "yes." The evidence shows that in March of 1980, Mr. Croucher at times was confused and his memory was sketchy. He had one completely occluded and one partially occluded carotid artery. One of Mrs. Croucher's own witnesses, a doctor, admitted that this condition could have caused Mr. Croucher to be less than lucid at times. Mrs. Croucher's own witnesses testified that they had seen Mr. Croucher in late July, and that he had evidently suffered a stroke, could not talk, and was no longer able to care for himself. Mrs. Croucher admitted writing a letter, dated August 4, to James Croucher, which said, "Thank goodness that I got him to the VA while he was still lucid." A reasonable inference from that letter would have been that Mr. Croucher was no longer lucid. Certainly these facts would have constituted some evidence that Mr. Croucher was without capacity during August.

The Court of Appeals, citing *Cruz v. Prado,* 239 S.W.2d 650 (Tex.Civ.App.—San Antonio 1951, no writ), held that there was no evidence of lack of testamentary capacity, because all of James and Kenneth Croucher's proof indicated physical disability, from which mental incapacity cannot be inferred. *Cruz v. Prado* does not apply to this case. Here, the evidence did not simply demonstrate physical decline. Rather, the contestants produced evidence of physical problems, i.e. occlusion of the carotid arteries, consistent with mental incapacity.

There was also evidence from which the jury could have inferred that Mr. Croucher's problems, shown to have existed in March and August, kept him from having testamentary capacity on July 7. Mr. Croucher had a failing memory resulting from his arteriosclerosis in March, before the will was executed. That same disease incapacitated Mr. Croucher in August, after the will was made. That sequence of events alone is some evidence that Mr. Croucher suffered from the condition on July 7. Moreover, the August hospital report indicated that Mr. Croucher had suffered from decreasing mental status for one month.

**58**

We hold that there was some evidence of lack of testamentary capacity. In the face of this record, we cannot say that Mrs. Croucher established as a matter of law that her husband had testamentary capacity at the time that he executed his will.

Mrs. Croucher also complained to the Court of Appeals that "there was no, or insufficient, evidence of lack of testamentary capacity to support the jury finding." Those points of error are appropriate when the party without the burden of proof complains of a jury finding. When, however, the party having the burden of proof appeals from an adverse fact finding in the trial court, the point of error should be that the matter was established as a matter of law, or that the jury's finding was against the great weight and preponderance of the evidence. *O'Neil v. Mack Trucks, Inc.*, 542 S.W.2d 112 (Tex.1978). A complaint by the party with the burden of proof that there was no evidence to support the jury's finding invokes appellate jurisdiction to consider the contention that the opposite of the finding was established as a matter of law. *O'Neil, supra.* In its opinion on motion for rehearing, the Court of Appeals, while recognizing this rule, held that Mrs. Croucher had failed to state a proper point of error concerning the factual sufficiency of the evidence. The correctness of that holding is not before us, because Mrs. Croucher has not complained of it by way of cross point. *Maddox v. Maxwell,* 369 S.W.2d 343 (Tex. 1963).

The judgment of the Court of Appeals is reversed, and that of the trial court is affirmed.

WALLACE, J., notes his dissent.