Gerald Harris v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-270-CR
No. 10-02-271-CR

     GERALD HARRIS,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the Criminal District Court
Jefferson County, Texas
Trial Court Nos. 83786 and 83788
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Gerald Harris pleaded guilty to possession of hydrocodone in the amount of 400 grams or
more in trial court cause no. 83786 (appellate cause no. 10-02-270-CR) without the benefit of a
plea bargain. Harris likewise pleaded guilty to possession of alprazolam in the amount of 28
grams or more but less than 200 grams in trial court cause no. 83788 (appellate cause no. 10-02-271-CR) without the benefit of a plea bargain. The court sentenced Harris to five years’
imprisonment in both cases.
      Harris and his trial counsel signed a waiver of appeal in both cases. Because Harris waived
his right to appeal, we dismiss his appeals.


 Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim.
App. 2000); Clayburn v. State, 985 S.W.2d 624, 625 (Tex. App.—Waco 1999, no pet.) (per
curiam).

                                                                   PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed
Opinion delivered and filed October 30, 2002
Do not publish
[CR25]



st sustain the failure to find unless the evidence supporting an
affirmative finding was so strong that reasonable minds could draw only one conclusion from the
evidence. Collora v. Navarro, 574 S.W.2d 65, 68 (Tex. 1978). If there is any evidence of
probative force to raise a fact issue on the question, the challenge must be rejected. Id.
      The jury's negative answer represents a refusal to find from a preponderance of the evidence
that Huskins' negligence proximately caused the collision. See Sterner v. Marathon Oil Co., 767
S.W.2d 686, 690 (Tex. 1989). Because Kelso is attacking an adverse answer on an issue on which
she had the burden of proof, we will treat the legal-sufficiency point as if it asserts that negligence
was established as a matter of law. See id.
      First, we must examine the record for evidence that supports the jury's negative answer to the
question, while ignoring all evidence to the contrary. See id. If we find evidence that supports
the negative answer, the inquiry ends; but if we find no evidence to support the answer, then the
entire record must be examined to determine if the contrary proposition is established as a matter
of law. See id.
      As we have noted, the record reveals that an intersection collision occurred between vehicles
driven by Kelso and Huskins on slick pavement. We believe that this evidence supports the
proposition that the jury's negative answer could have been based on its conclusion that Kelso had
failed to prove that Huskins was negligent or, if negligent, that his negligence was a proximate
cause of the collision. See id. Additionally, the question of causation is one for the trier of fact
when general experience and common sense enables a layman to determine the causal relationship
between events and conditions. Travenol Labs., Inc. v. Bandy Labs., Inc., 608 S.W.2d 308, 312
(Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.). We believe that the rule applies here; thus, the
question of causation was for the jury. See id.
      As to the factual sufficiency of the evidence, when the party with the burden of proof on a
question challenges an adverse finding, the reviewing court must sustain the failure to find unless,
considering all the evidence, the great weight and preponderance of the evidence supports an
affirmative answer. Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983). An example would
be when a party fails to contradict the testimony of adverse witnesses on the fact at issue. W. B.
Hinton Drilling Co. v. Zuniga, 784 S.W.2d 442, 447 (Tex. App.—Tyler 1989, no writ). As we
have stated, our review of the record reveals that there was more than sufficient evidence from
which the jury could have concluded that Kelso failed to prove that Huskins was negligent or that
his negligence was a proximate cause of the collision. Accordingly, we cannot say that the great
weight and preponderance of the evidence supports an affirmative answer to question lb. See
Croucher, 660 S.W.2d at 58. We overrule point two.
      Kelso's point three asserts that the court erred in failing to disregard the jury's answer to
question 1b. On motion and notice, the court may disregard any finding of the jury that has no
support in the evidence. Tex. R. Civ. P. 301. In determining that there was evidence supporting
the proposition that the jury's negative answer could have been based on its conclusion that Kelso
had failed to prove that Huskins was negligent or, if negligent, that his negligence was a proximate
cause of the collision, we also determine that the court was correct in denying the motion to
disregard the jury's answer to question 1b. See id; Sterner, 767 S.W.2d at 690. We overrule
point three.
      We affirm the judgment.
 
                                                                                     BILL VANCE
                                                                                     Justice

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed January 27, 1993
Do not publish