In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00599-CV

_____

IN RE COMMITMENT OF WALTER RAY MOSS

─────────────────────────────────────────────

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-03-03154 CV**

─────────────────────────────────────────────

**MEMORANDUM OPINION**

Walter Ray Moss appeals from an order of commitment rendered by the trial court after a jury found Moss to be a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2013). Moss raises two issues in his appeal. He challenges the trial court's ruling to admit the testimony of the State's psychiatrist, Dr. Sherri Gaines, and he also contends that the evidence is not legally sufficient to support the jury's verdict. Because we conclude that Moss's issues are without merit, we affirm the trial court's judgment.

1

Under Texas law, a person can be found to be a "sexually violent predator" if the person: "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id.* § 841.003(a) (West Supp. 2013). A "[b]ehavioral abnormality" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* § 841.002(2) (West Supp. 2013). "'Predatory act' means an act directed toward individuals, including family members, for the primary purpose of victimization." *Id.* § 841.002(5) (West Supp. 2013).

The State offered the testimony of Dr. Gaines to prove its claim that Moss should be committed as a sexually violent predator. In issue one, Moss argues that the trial court should have excluded the opinions of Dr. Gaines because the State failed to create a record showing that her testimony is reliable. We disagree that the record fails to show that Gaines's opinions were admissible.

The testimony admitted during trial demonstrates that Dr. Gaines is a board certified psychiatrist, licensed since 1990, with an active clinical practice. To form her opinions in Moss's case, she reviewed various records regarding Moss's criminal and mental health histories, and she interviewed him. According to Dr.

2

Gaines, the methodology she followed is the same type of methodology that is used by other experts who perform evaluations in SVP cases. During the trial, Dr. Gaines explained the relationship between the information that she found in Moss's records and her opinion that Moss has a behavioral abnormality. She further explained how she had relied on actuarial test results that are contained in Moss's records in forming her opinion that Moss had a behavioral abnormality that made him likely to commit additional sexually violent acts. Noting that she utilized the criteria for diagnosing mental disorders established by the DSM-IV, Dr. Gaines explained that she diagnosed Moss with paraphilia, not otherwise specified, she noted his history of alcohol abuse, and she expressed her opinion that Moss has an antisocial personality disorder. The record demonstrates that Dr. Gaines reached her conclusion that Moss suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence by following the methodology used by psychiatrists in forming opinions on the types of issues presented in SVP cases.

Moss also argues that Dr. Gaines's testimony is unreliable because she failed to properly apply the statutory definition of "behavioral abnormality" in forming her opinions. *See id*. § 841.002(2). However, Dr. Gaines testified that she used the

3

statutory definition for the term "behavioral abnormality" when forming her opinions. *Id*.

Nonetheless, Moss contends that Dr. Gaines's lack of understanding is reflected by her explanation about how she distinguishes a typical recidivist from a sexually violent predator. According to Moss, Dr. Gaines's explanation demonstrates that she is unaware that a sexually violent predator must have a serious difficulty controlling his behavior, not just a history of sexual offenses, to be classified with a "behavioral abnormality."

The statutory definition of the term "behavioral abnormality" does not expressly include the language that Moss suggests an expert must apply. The record shows that Dr. Gaines testified that she is familiar with and applied the statutory definition of the term "behavioral abnormality." The record also reflects that Dr. Gaines relied on the fact that Moss had been convicted of three prior sexually related offenses in reaching her conclusion that Moss has a "behavioral abnormality." Dr. Gaines's testimony suggests that the fact that Moss has multiple convictions for crimes of sexual assault distinguishes him from a typical recidivist because his multiple convictions evidence that his behavioral abnormality affects his ability to control his sexual behavior. We conclude that the record does not support Moss's argument that Dr. Gaines applied an improper definition for the

4

term "behavioral abnormality" in forming her opinions, as the record shows that Moss has demonstrated a serious difficulty in controlling his sexual behavior.

Having carefully reviewed the record, we conclude the trial court had a sufficient basis to determine that the opinions offered by Dr. Gaines about Moss were reliable. The record demonstrates that Dr. Gaines presented a professional opinion that represents "a reasoned judgment based upon established research and techniques for [her] profession and not the mere *ipse dixit* of a credentialed witness." *See In re Commitment of Day*, 342 S.W.3d 193, 206 (Tex. App.— Beaumont 2011, pet. denied). We overrule issue one.

In issue two, Moss argues that without the support of Dr. Gaines's opinions, the evidence is legally insufficient to support the jury's verdict. In SVP cases, the State must prove the elements of its case beyond a reasonable doubt. *See* Tex. Health & Safety Code Ann. § 841.062(a) (West 2010). "[T]he burden of proof at trial necessarily affects appellate review of the evidence." *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002); *see City of Keller v. Wilson*, 168 S.W.3d 802, 817 (Tex. 2005). When reviewing challenges to the legal sufficiency of the evidence in SVP cases, we assess all the evidence in the light most favorable to the verdict to determine whether any rational trier-of-fact could find, beyond a reasonable doubt, each of the elements the State must prove to support a judgment that results in the

defendant's civil commitment. *In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied).

To prevail on his legal sufficiency issue, Moss is required to demonstrate that no evidence supports the jury's finding. *See Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983); *Christus St. Mary Hosp. v. O'Banion*, 227 S.W.3d 868, 873 (Tex. App.—Beaumont 2007, pet. denied). In arguing issue two, Moss repeats his argument that Dr. Gaines's opinions were conclusory and unreliable. However, the record shows that the trial court acted properly in admitting Dr. Gaines's opinions, as Dr. Gaines's opinions were not conclusory and the jury properly considered Dr. Gaines's opinions in reaching its verdict. In a jury trial, it is the jury's responsibility to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Mullens*, 92 S.W.3d at 887. Having considered the evidence in the light most favorable to the verdict, we hold that there is legally sufficient evidence to support the jury's finding that Moss has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See id.* at 885. Issue two is overruled.

Having overruled both of Moss's issues, we affirm the trial court's judgment.

6

AFFIRMED.

_____
HOLLIS HORTON
Justice


Submitted on December 2, 2013
Opinion Delivered February 13, 2014

Before McKeithen, C.J., Kreger and Horton, JJ.