In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00337-CV

_____

IN RE COMMITMENT OF GARY EDWARD VINES

_____

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 11-11-12117 CV
_____

**MEMORANDUM OPINION**

After a jury found Gary Edward Vines to be a sexually violent predator, the trial court rendered an order of civil commitment and Vines appealed. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2013). In his appeal, Vines contends the evidence is legally and factually insufficient to support the jury's verdict. We conclude that Vines's issues are without merit, and we affirm the trial court's judgment.

Vines's sufficiency arguments concern the testimony of the State's expert witnesses, Dr. Lisa Clayton, a psychiatrist, and Dr. Jason Dunham, a psychologist.

1

Vines contends the opinions of Dr. Clayton and Dr. Dunham offer legally and factually insufficient support for the jury's verdict. According to Vines, the evidence is insufficient to support the jury's conclusion that he suffers from a behavioral abnormality that makes him likely to commit a future act of sexual violence.

The standards the State's medical experts used to form their opinions about Vines are found in Chapter 841 of the Texas Health and Safety Code. Under Texas law, a person can be found to be a "sexually violent predator" if the person: "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." Tex. Health & Safety Code Ann. § 841.003(a) (West Supp. 2013). A "'[b]ehavioral abnormality'" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id*. § 841.002(2) (West Supp. 2013). "'Predatory act' means an act directed toward individuals, including family members, for the primary purpose of victimization." *Id*. § 841.002(5) (West Supp. 2013).

In SVP cases, the State must prove the elements of its case beyond a reasonable doubt. *See id.* § 841.062(a) (West 2010). "[T]he burden of proof at trial

necessarily affects appellate review of the evidence." *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002); *see City of Keller v. Wilson*, 168 S.W.3d 802, 817 (Tex. 2005). When reviewing challenges to the legal sufficiency of the evidence in SVP cases, we assess all the evidence in the light most favorable to the verdict to determine whether any rational trier-of-fact could find, beyond a reasonable doubt, each of the elements the State must prove to support a judgment ordering the defendant's civil commitment. *In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied).

To prevail on his legal sufficiency issue, Vines is required to demonstrate that no evidence supports the jury's finding. *See Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983); *Christus St. Mary Hosp. v. O'Banion*, 227 S.W.3d 868, 873 (Tex. App.—Beaumont 2007, pet. denied). Vines relies on the same arguments for his factual sufficiency challenge that he relied on in advancing his legal sufficiency claims. In reviewing factual sufficiency claims in SVP cases, we weigh the evidence to determine whether a verdict that is supported by legally sufficient evidence nevertheless reflects a risk of injustice that compels our ordering a new trial. *In re Commitment of Day*, 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied). However, the risk of an injustice is necessarily slight if the evidence supporting the jury's verdict that the defendant is a sexually violent

3

predator is legally sufficient since the State must prove its claim beyond a reasonable doubt. *Id.* Nonetheless, "if in the view of the appellate court after weighing the evidence, the risk of an injustice remains too great to allow the verdict to stand, the appellate court may grant the defendant a new trial." *Id.*

Vines's legal and factual sufficiency issues challenge the weight that should be given to the testimony of the State's two expert witnesses. Vines argues that Dr. Clayton's and Dr. Dunham's respective opinions were not sufficient to prove, beyond reasonable doubt, that he is a sexually violent predator. According to Vines, the State's experts failed to establish that Vines would commit a future sexually violent offense, and the State's experts failed to properly consider factors that mitigate the risk that Vines might reoffend.

Opinion testimony that is wholly conclusory or speculative amounts to no evidence "because it does not tend to make the existence of a material fact 'more probable or less probable.'" *City of San Antonio v. Pollock*, 284 S.W.3d 809, 816 (Tex. 2009) (quoting *Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 232 (Tex. 2004)). Thus, "[b]are, baseless opinions will not support a judgment even if there is no objection to their admission in evidence." *Id.* However, Vines's complaints regarding how the State's experts considered mitigating risk factors focus on subjects going to the weight the jury chose to give

4

the testimony of the State's experts; his complaint about how the jury weighed the mitigating factors in the experts' testimony does not render the testimony of either wholly conclusory or speculative.

"When a scientific opinion is admitted in evidence without objection, it may be considered probative evidence even if the basis for the opinion is unreliable." *Id.* at 818. "But if no basis for the opinion is offered, or the basis offered provides no support, the opinion is merely a conclusory statement and cannot be considered probative evidence, regardless of whether there is no objection." *Id.* The record reflects that Vines never objected to Dr. Clayton's or Dr. Dunham's opinions during the trial on the basis that their opinions were unreliable, so he must show in his appeal that the evidence offers no basis to support their respective opinions to prevail on his legal sufficiency claim. *See id.* at 817 (quoting *Coastal*, 136 S.W.3d at 233 (internal citations omitted)); *In re Commitment of Barbee*, 192 S.W.3d 835, 843 (Tex. App.—Beaumont 2006, no pet.).

During the trial, each of the doctors explained the supporting basis or foundation of the opinions that are at issue. When forming their opinions about the likelihood that Vines would reoffend, both of the State's experts interviewed Vines and reviewed records containing information relevant to Vines's sexual history. The record establishes that Dr. Clayton and Dr. Dunham are licensed in their

5

respective fields. The records reviewed by the State's experts are the type of records typically relied upon by health experts, and the State's experts performed an assessment consistent with that respective expert's training as a professional. During the trial, Dr. Clayton and Dr. Dunham each explained how Vines's records were used in forming their opinions. For example, both explained that they had relied on Vines's prior convictions for sexually violent crimes in forming the opinion that Vines has a "behavioral abnormality." The record also contains Vines's scores on actuarial tests that he had taken, and the State's experts explained how those scores contributed to their opinions that Vines would likely reoffend. Both experts, after explaining their respective methodologies and how they were applied, expressed the opinion that Vines has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence.

On this record, it was up to the jury to draw reasonable inferences from basic facts to determine ultimate fact issues, and to resolve conflicts and contradictions in the evidence by believing all, part, or none of the testimony. *Barbee*, 192 S.W.3d at 842. We conclude the record provides support for Dr. Clayton's and Dr. Dunham's opinions; consequently, their opinions cannot be characterized as wholly conclusory or without any foundation. We conclude that the testimony of the State's experts, together with the other evidence before the jury, offers legally

6

sufficient evidence to support the jury's verdict. *See Mullens*, 92 S.W.3d at 885. With respect to Vines's factual sufficiency argument, we also conclude that based on the evidence before it, the jury's verdict does not reflect a risk of injustice that compels our granting Vines a new trial. *See Day*, 342 S.W.3d at 213.

Because the evidence is legally and factually sufficient to support the jury's verdict, we overrule issues one and two. Accordingly, we affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on December 2, 2013
Opinion Delivered March 6, 2014

Before McKeithen, C.J., Kreger and Horton, JJ.

7