In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO.  09-12-00606-CV

IN RE COMMITMENT OF FELIX SOTO IV

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-03-03156 CV**

## MEMORANDUM OPINION

After a jury found Felix Soto IV to be a sexually violent predator, the trial court rendered an order of civil commitment and Soto appealed. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2013). On appeal, Soto challenges the constitutionality of the SVP statute and the legal and factual sufficiency of the evidence supporting the verdict. Because we conclude that Soto's issues are without merit, we affirm the trial court's judgment.

In issue one, Soto contends the SVP statute, as interpreted by the Texas Supreme Court in *In re Commitment of Bohannan*, 388 S.W.3d 296, 302-03 (Tex.

2012), *cert. denied*, 133 S.Ct. 2746 (2013), is facially unconstitutional and violates his Fourteenth Amendment right to due process. We considered and rejected the same argument advanced by Soto in another SVP commitment proceeding, *In re Commitment of Anderson,* 392 S.W.3d 878, 885-86 (Tex. App.—Beaumont 2013, pet. denied). In *Anderson*, we explained that "[w]e do not read the *Bohannan* opinion as eliminating a statutory requirement, or as altering the proof required under the statute to find that a person is a sexually violent predator." *Id.* at 886. Relying on our reasoning in *Anderson*, we overrule issue one.

In issues two and three, Soto argues the evidence is legally and factually insufficient to support the jury's finding that he is a sexually violent predator. Soto's sufficiency arguments concern the testimony of the State's expert witness, Dr. Michael Arambula, a psychiatrist. Soto contends the opinions of Dr. Arambula offer legally and factually insufficient support for the jury's verdict. According to Soto, the evidence is legally insufficient to support the jury's conclusion that he (1) suffers from a mental condition that makes him dangerous, (2) has serious difficulty controlling his behavior, and (3) is likely to engage in another predatory act of sexual violence.

The standards that Dr. Arambula applied in forming his opinions about Soto are found in Chapter 841 of the Texas Health and Safety Code. Under Texas law, a

person can be found to be a "sexually violent predator" if the person: "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." Tex. Health & Safety Code Ann. § 841.003(a) (West Supp. 2013). A "[b]ehavioral abnormality" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id*. § 841.002(2) (West Supp. 2013). "'Predatory act' means an act directed toward individuals, including family members, for the primary purpose of victimization." *Id*. § 841.002(5) (West Supp. 2013).

In SVP cases, the State must prove the elements of its case beyond a reasonable doubt. *See* Tex. Health & Safety Code Ann. § 841.062(a) (West 2010). "[T]he burden of proof at trial necessarily affects appellate review of the evidence." *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002); *see City of Keller v. Wilson*, 168 S.W.3d 802, 817 (Tex. 2005). When reviewing challenges to the legal sufficiency of the evidence in SVP cases, we assess all the evidence in the light most favorable to the verdict to determine whether any rational trier-of-fact could find, beyond a reasonable doubt, each of the elements the State must prove to support a judgment that requires the defendant to be civilly committed for

3

treatment. *In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied). To prevail on his legal sufficiency issue, Soto is required to demonstrate that no evidence supports the jury's finding. *See Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983); *Christus St. Mary Hosp. v. O'Banion*, 227 S.W.3d 868, 873 (Tex. App.—Beaumont 2007, pet. denied).

Soto relies on the same arguments for his factual sufficiency claim that he makes in arguing his legal sufficiency issue. In reviewing factual sufficiency claims in SVP cases, we weigh the evidence to determine whether a verdict that is supported by legally sufficient evidence nevertheless reflects a risk of injustice that compels our ordering a new trial. *In re Commitment of Day*, 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied). However, the risk of an injustice arising from the weight of the evidence is necessarily slight when the burden of proof is beyond a reasonable doubt and if the evidence is determined to be legally sufficient to support the jury's conclusion that the defendant is a sexually violent predator. *Id*. Nonetheless, "if in the view of the appellate court after weighing the evidence, the risk of an injustice remains too great to allow the verdict to stand, the appellate court may grant the defendant a new trial." *Id*.

Soto's legal and factual sufficiency issues challenge the weight that should be given to the testimony of Dr. Arambula, the State's sole expert witness. Soto

argues that Dr. Arambula's opinions were not sufficient to prove, beyond reasonable doubt, the elements of the State's claim that Soto is a sexually violent predator. Opinion testimony that is wholly conclusory or speculative amounts to no evidence "because it does not tend to make the existence of a material fact 'more probable or less probable.'" *City of San Antonio v. Pollock*, 284 S.W.3d 809, 816 (Tex. 2009) (quoting *Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 232 (Tex. 2004)). Thus, "[b]are, baseless opinions will not support a judgment even if there is no objection to their admission in evidence." *Id.* "When a scientific opinion is admitted in evidence without objection, it may be considered probative evidence even if the basis for the opinion is unreliable." *Id.* at 818. "But if no basis for the opinion is offered, or the basis offered provides no support, the opinion is merely a conclusory statement and cannot be considered probative evidence, regardless of whether there is no objection." *Id.*

The record reflects that Soto never objected to Dr. Arambula's opinions during the trial on the basis that his opinions were unreliable, so he must show in his appeal that the evidence offers no basis to support Dr. Arambula's opinions to prevail on his legal sufficiency claim. *See id.* at 817 (quoting *Coastal*, 136 S.W.3d at 233 (internal citations omitted)); *In re Commitment of Barbee*, 192 S.W.3d 835, 843 (Tex. App.—Beaumont 2006, no pet.).

5

From the evidence admitted at trial, Dr. Arambula's opinions cannot be characterized as being without any supporting basis for several reasons. The record from the trial shows that Dr. Arambula is a board certified psychiatrist. Dr. Arambula testified that he interviewed Soto and reviewed various records containing information relevant to Soto's history. The records that Dr. Arambula reviewed are the type of records on which psychiatrists generally rely in forming opinions, and Dr. Arambula assessed Soto based on his training as a psychiatrist. The record contains Dr. Arambula's explanations about how he used Soto's records in forming his opinions. For example, Dr. Arambula explained how he used the DSM-IV to diagnose Soto with pedophilia and mixed personality disorder. The record also contains Soto's scores on actuarial tests administered to him by another doctor, and Dr. Arambula explained how he relied on those scores in evaluating the risk that Soto would reoffend. The record further shows that Dr. Arambula relied on Soto's four prior convictions for sexually violent crimes in reaching his conclusion that Soto has a "behavioral abnormality."

We conclude the record provides support for Dr. Arambula's opinions; consequently, his opinions cannot be characterized as wholly conclusory or without any foundation. We hold the evidence admitted during Soto's trial is legally sufficient to support the jury's finding that he is a sexually violent predator.

The evidence is also factually sufficient to support the jury's verdict as the record does not reflect a risk of injustice that compels granting a new trial. *See Day*, 342 S.W.3d at 213. The jury was entitled to draw reasonable inferences from basic facts to determine ultimate fact issues, and to resolve conflicts and contradictions in the evidence by believing all, part, or none of the testimony. *Barbee*, 192 S.W.3d at 842. The jury apparently chose to accept as credible Dr. Arambula's testimony. Considering the evidence in the light most favorable to the verdict, we conclude the jury could reasonably find beyond a reasonable doubt that Soto has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See Mullens*, 92 S.W.3d at 885. The jury could also reasonably conclude that Soto has serious difficulty controlling his behavior and is currently a menace to the health and safety of another person, as that conclusion is implicit in the jury's finding that Soto is a sexually violent predator. *See In re Commitment of Weissinger*, No. 09-12-00486-CV, 2013 Tex. App. LEXIS 7819, at **4-5 (Tex. App.—Beaumont June 27, 2013, pet. denied) (mem. op.).

Having concluded that the evidence admitted during Soto's trial is legally and factually sufficient to support the jury's verdict; we overrule issues two and three. Having overruled all of Soto's issues, we affirm the trial court's judgment.

AFFIRMED.

                              _____

                                    HOLLIS HORTON
                                        Justice

Submitted on December 2, 2013
Opinion Delivered March 6, 2014

Before McKeithen, C.J., Kreger and Horton, JJ.