In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00491-CV**
_____

**IN RE COMMITMENT OF JOHN EDWARD TORRES**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-02-01684 CV**

**MEMORANDUM OPINION**

John Edward Torres appeals from a jury verdict that resulted in his civil commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2014). In issues one and two, Torres contends the evidence is legally and factually insufficient to support the jury's verdict. In issue three, Torres argues that the trial court erred by denying his request to allow counsel to be present to assist him during his post-petition psychiatric examination, an examination conducted by the State's expert. We

1

conclude that Torres's issues are without merit, and we affirm the judgment and order of civil commitment.

In issues one and two, Torres challenges the legal and factual sufficiency of the evidence supporting the jury's finding that Torres is a sexually violent predator. Torres's sufficiency arguments concern the testimony of the State's expert witnesses, Dr. Michael Arambula, a psychiatrist, and Dr. Christine Reed, a psychologist. Torres argues that there is no evidence to support Dr. Arambula's diagnosis of sexual deviance or Dr. Reed's diagnosis of pedophilia, and that the State's experts' diagnoses cannot be used to support the jury's verdict. According to Torres, the diagnoses of the State's experts are essential to their conclusions that he suffers from a behavioral abnormality. He concludes that because their opinions are not supported by the evidence, there is insufficient evidence to support the jury's verdict.[1]

When reviewing legal sufficiency complaints in SVP cases, we assess all of the evidence admitted during the trial in the light most favorable to the verdict; in that light, we then determine whether any rational trier-of-fact could find, beyond a

---

[1]The State contends that Torres failed to preserve his legal sufficiency argument for our review. However, the record shows that he did preserve his claim by moving for a directed verdict on his claim and by making a legal sufficiency argument in his motion for new trial.

reasonable doubt, each of the elements needed to prove that the defendant is a sexually violent predator. *In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied). In SVP cases, the State must prove the elements of its case beyond a reasonable doubt. *See* Tex. Health & Safety Code Ann. § 841.062(a) (West 2010). To prevail on his legal sufficiency issue, Torres must demonstrate that no evidence supports the jury's finding. *See Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983); *Christus St. Mary Hosp. v. O'Banion*, 227 S.W.3d 868, 873 (Tex. App.—Beaumont 2007, pet. denied).

In reviewing factual sufficiency challenges in SVP cases, we weigh the evidence to determine whether a verdict that is supported by legally sufficient evidence nevertheless reflects a risk of injustice that compels our ordering a new trial. *In re Commitment of Day*, 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied). However, the risk of an injustice arising from the weight of the evidence is necessarily slight when the jury is instructed to use a beyond reasonable doubt standard in deciding the case and when the evidence is legally sufficient to support the jury's verdict. *Id*. Nonetheless, "if in the view of the appellate court after weighing the evidence, the risk of an injustice remains too great to allow the verdict to stand, the appellate court may grant the defendant a new trial." *Id*.

In forming their opinions about Torres, the State's experts used the standards found in Chapter 841 of the Texas Health and Safety Code. Under the provisions of that chapter, a person can be found to be a "sexually violent predator" if the person: "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id.* § 841.003(a) (West Supp. 2014). A "'[b]ehavioral abnormality'" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id*. § 841.002(2) (West Supp. 2014). "'Predatory act' means an act directed toward individuals, including family members, for the primary purpose of victimization." *Id*. § 841.002(5) (West Supp. 2014).

During the trial, each of the State's experts explained the supporting basis and foundation of the opinions at issue in Torres's appeal. When forming their opinions that Torres would likely reoffend, both of the State's experts interviewed Torres and reviewed records that contained information relevant to his sexual history. The record establishes that Dr. Arambula and Dr. Reed are licensed in their respective fields. The records the State's experts reviewed are the type of records that health experts typically rely upon in forming opinions concerning

whether a person has a behavioral abnormality, and the State's experts performed assessments that are consistent with their respective training. During the trial, Dr. Arambula and Dr. Reed each explained how they had used Torres's records to form opinions. For example, both doctors explained that they had relied on Torres's prior convictions for sexually violent crimes in reaching the conclusion that Torres suffers from a "behavioral abnormality." The record also contains Torres's scores on actuarial tests, and the State's experts explained how his scores contributed to the conclusion that Torres would likely reoffend. Both of the doctors, after explaining their respective methodologies and how they were applied, expressed the opinion that Torres has a behavioral abnormality that makes him likely to engage in a future predatory act of sexual violence.

To form his opinions in Torres's case, Dr. Arambula reviewed various records regarding Torres's criminal and mental health histories, and he interviewed Torres. According to Dr. Arambula, the methodology he followed is the same type of methodology that is used by other experts who perform evaluations in SVP cases. During the trial, Dr. Arambula explained the relationship between the information that he found in Torres's records and his opinion that Torres has a behavioral abnormality. He further explained how he had relied on actuarial test results that are contained in Torres's records in forming his opinion that Torres had

5

a behavioral abnormality that made him likely to commit additional sexually violent acts. Dr. Arambula testified that he diagnosed Torres with sexual deviance, he noted Torres's history of polysubstance abuse, and he expressed his opinion that Torres has a personality disorder not otherwise specified with features of antisocial and borderline personality. The record demonstrates that Dr. Arambula reached his conclusion that Torres suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence by following the methodology used by psychiatrists in forming opinions on the types of issues presented in SVP cases.

In forming her opinions about whether Torres has a behavioral abnormality, Dr. Reed explained that she interviewed Torres and reviewed records containing information about Torres's criminal history. Additionally, the record shows that Dr. Reed is licensed as a psychologist, she reviewed records of the type typically relied upon by health experts in making SVP assessments, she assessed Torres in a manner that was consistent with her training, and she explained how she used Torres's records in forming her opinions. For example, Dr. Reed explained that she relied on Torres's prior convictions, in part, to form her opinion that Torres suffers from a behavioral abnormality. She also explained that she diagnosed Torres as having pedophilia, an antisocial personality disorder, and a substance abuse disorder. Dr. Reed testified about Torres's risk factors for committing future

offenses, and she mentioned how these factors contributed to her opinion that Torres would likely reoffend. Dr. Reed also discussed the actuarial tests that she administered to Torres, which indicate that he has a moderate to high risk for future offense. After explaining how she formed her opinions, Dr. Reed testified that Torres, in her opinion, has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence.

In his brief, Torres argues that the testimony of his expert, Dr. Marisa Mauro, supports his conclusion that the evidence does not support the jury's finding that he has a behavioral abnormality. Nevertheless, the jury was not required to agree with Dr. Mauro. In this case, the jury heard conflicting opinions from the mental health experts who testified during his trial. While the opinions of the experts differ, the jury is allowed to evaluate and weigh the evidence, to make reasonable inferences from the facts before them in resolving the case, and to resolve conflicts and contradictions in the evidence by believing all, part, or none of the testimony. *See In re Commitment of Barbee*, 192 S.W.3d 835, 842 (Tex. App.—Beaumont 2006, no pet.) As the sole judge of the weight and credibility of the evidence, the jury apparently chose to accept the opinions of Dr. Arambula and Dr. Reed, and to reject the opinions expressed by Dr. Mauro. *See Mullens*, 92 S.W.3d at 887. We conclude that the evidence admitted at trial was sufficient, as it

7

allowed the jury to reasonably conclude that Torres suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See id.* We further conclude that the risk of an injustice arising from the jury's verdict is slight, given that the evidence supporting the verdict is legally sufficient to establish that Torres is a sexually violent predator. *See Day*, 342 S.W.3d at 213. We overrule issues one and two.

In issue three, Torres contends he was denied the assistance of counsel during a psychiatric examination conducted by the State's expert. The record shows that in February 2013, the State filed a petition seeking Torres's civil commitment as a sexually violent predator. Subsequently, the State filed a motion asking the trial court to order Torres's examination by an expert, as authorized by section 841.061(c) of the Texas Health and Safety Code. *See* Tex. Health & Safety Code Ann. § 841.061(c) (West 2010). By order, the trial court authorized the State's expert to examine Torres in a manner "[c]onsistent with the Texas Health and Safety Code § 841 specifications[.]" *See id.* § 841.061(c), (f) (West 2010).

When the State filed its request to have Torres examined by an expert, Torres asked the trial court to appoint counsel to represent him. After the trial court appointed counsel to represent Torres, and before Torres was examined by the

8

State's expert, Torres's attorney filed a motion asserting that Torres had the right to have counsel present while being examined by the expert the trial court appointed. The trial court denied Torres's request. The day after the trial court denied Torres's request, Dr. Arambula examined Torres without counsel present. During Torres's trial, Dr. Arambula testified about his examination of Torres and the role it played in his risk assessment and evaluation.

Torres argues that section 841.144(a) of the Health and Safety Code gave him the right to have counsel present while being examined by the State's expert. *See id.* § 841.144(a) (West 2010) (allowing a person that is subject to civil commitment proceedings under Chapter 841 to have the assistance of counsel "at all stages of the proceeding"). However, we have held that neither the SVP statute nor the Fourteenth Amendment create a right to have counsel present during the post-petition psychiatric examination, an examination that occurs in cases after the State files its petition to have persons committed for treatment on the basis of the claim that such persons are sexually violent predators. *In re Commitment of Smith*, 422 S.W.3d 802, 807 (Tex. App.—Beaumont 2014, pet. denied). In Torres's case, Torres had counsel before he was examined by the State's expert, even though counsel was not allowed to be present during the examination by the doctor who later served as the State's expert at trial. Torres does not explain how his right

to have the advice of counsel was impaired when he had counsel to provide him with advice both before and after Dr. Arambula examined him. *See id.* at 805.

Additionally, Torres has not shown how he was harmed because his counsel was not physically present during the examination conducted by the State's expert. In Torres's case, the record shows that during the trial, Torres did not object to Dr. Arambula's testimony concerning what Torres told him during the examination, nor has Torres explained how any of the information the State obtained from the examination would not have been available had the trial court granted Torres's request to have counsel present. *See id.* at 806-07. Because Torres has not shown that he was denied the right to assistance of counsel, we overrule issue three.

Having carefully reviewed the issues that Torres presents in his appeal, the trial court's judgment and order of civil commitment are affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on October 15, 2014
Opinion Delivered December 11, 2014

Before Kreger, Horton and Johnson, JJ.

10