ACCEPTED
01-13-00206-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/19/2015 7:11:26 PM
CHRISTOPHER PRINE
CLERK

IN THE COURT OF APPEALS
FIRST JUDICIAL DISTRICT
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/19/2015 7:11:26 PM
CHRISTOPHER A. PRINE
Clerk

LOUIS MCAFEE                         §

VS.                                 §          Cause No. 01-13-00206-CV

WILLIAM ADAMCIK                     §

**APPELLANT'S MOTION FOR REHEARING**

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW LOUIS MCAFEE, through the undersigned attorney, and would respectfully request this Honorable Court to grant this motion for rehearing. In support of said motion, Appellant would show as follows:

I.

In his Sole Point of Error, Appellant McAfee urges that there was "no evidence" to support the jury's finding that his trespass upon Adamcik's property caused him any damage. Adamcik's theory at trial was that McAfee had torn down a convenience fence which caused five head of Adamcik's cattle to escape and ultimately perish. However, no evidence supports this finding.

II.

The key to McAfee's argument that there was "no evidence" to support Adamcik's contention that he damaged the convenience fence and caused cattle to perish is the lack of direct, positive evidence that the fence existed in March or

1

April 2008, when McAfee was clearing the land. Adamcik insisted that a convenience fence existed on the area in December 2007, when he inspected the property just before taking out the lease. (3 RR. 51-56). However, this was no evidence that the fence was still standing more than four months later in May 2008. Indeed, Adamcik explained to the jury the difficulties of maintaining such a fence in the soft and sandy soil near the river. (3 RR. 53). For this reason, it simply not possible for the jury to have rationally concluded from Adamcik's testimony on this fact alone that the convenience fence was still standing at the time the area was being cleared.

## III.

This Court correctly holds that when the appealing party did not have the burden of proof at trial, it must demonstrate that there is "no evidence" to support the adverse finding, citing *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983). This Court found that the jury could have decided that the convenience convenience fence did exist in March or April 2008. This Court wrote: "Although he [Adamcik] did not inspect the fence line at the time, the jury could infer that the fence was in place in March or April 2008 because the cattle were in the pasture and none escaped." Opinion at 8. However, where circumstances are equally consistent with either of two facts, neither may be inferred. *City of Keller v. Wilson,* 168 S.W.3d 802, 813-14 (Tex. 2005). It was equally likely that the

convenience fence was or was not in existence in March or April 2008. A rational trier of fact could not have resolved this issue against McAfee by a preponderance of the evidence.

## IV.

Because a rational trier of fact could not have found by a preponderance of the evidence that the convenience fence was in existence in March or April 2008, the record fails to support the jury's finding of damages regarding the fence and escaped cattle. This Court should reverse the judgment of the trial court, and enter a judgment of no damages Tex. R. App. P. 43.2(c).

## V.

In addition, where there are no monetary damages, no attorney fees can be awarded. *Green Int'l v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997). This Court should reverse the award of attorney's fees to Adamcik. Rule 43.2(c).

WHEREFORE, PREMISES CONSIDERED, appellant prays this Honorable Court to grant this motion for rehearing, find that the evidence fails to establish any damages caused to Adamcik by any trespass upon his property by McAfee, and to enter a judgment of no monetary damages or attorney fees against McAfee.

3

Respectfully submitted,


*Henry L. Burkholder III*
HENRY L. BURKHOLDER III
State Bar No. 03416100
P.O. Box 890065
Houston, Texas 77289-0065
(281) 685-2203
1-(281) 377-4341 fax
hlburkholder@comcast.net

ATTORNEY FOR APPELLANT
LOUIS MCAFEE


## CERTIFICATE OF SERVICE

I certify that on the 19th day of March, 2015, a true and correct copy of the

forgoing Appellant's Motion for Rehearing was served on appellee by fax and

email to:

Mr. Bradley E. Featherston
The Mendel Law Firm LP
1155 Dairy Ashford Ste. 104
Houston, Texas 77079
Fax: (281) 759-3214
brad@mendellawfirm.com


*Henry L. Burkholder III*
HENRY L. BURKHOLDER III