**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00297-CV**
_____

**IN RE COMMITMENT OF EDUARDO H. HERNANDEZ**

---

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-12-13636 CV**

---

**MEMORANDUM OPINION**

Eduardo H. Hernandez appeals from a jury verdict that resulted in his civil commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2014) ("SVP" statute). In four issues, Hernandez challenges the legal sufficiency of the evidence supporting the verdict, the factual sufficiency of the evidence supporting the verdict, the admission of evidence that the State's psychiatrist used in forming his opinions about Hernandez, and the admission of the psychiatrist's testimony that one of the

1

records he reviewed included a report reflecting that Hernandez had once used a mirror placed on the bottom of a shopping cart to look up the dresses of women who were in a store. We conclude that Hernandez has not raised any matters that require the trial court's judgment to be reversed; therefore, we affirm the judgment and the order of civil commitment.

## Legal and Factual Sufficiency

In issue one, Hernandez argues that the evidence is legally insufficient to support the jury's finding that he is a sexually violent predator. Hernandez contends that the evidence was legally insufficient to prove that he suffers from a "behavioral abnormality," as defined by Chapter 841 of the Texas Health and Safety Code. He also contends the evidence was legally insufficient to support the jury's conclusion that he is likely to engage in another predatory act of sexual violence.

When reviewing challenges to the legal sufficiency of the evidence in SVP cases, we assess all the evidence in the light most favorable to the verdict to determine whether any rational trier-of-fact could find each of the elements the State must prove to justify the civil commitment of a person for treatment. *In re Commitment of Mullens,* 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet.

denied). In SVP cases, the State must prove the elements of its case beyond a reasonable doubt. *See* Tex. Health & Safety Code Ann. § 841.062(a) (West 2010).

To prevail on his legal sufficiency issue, Hernandez is required to demonstrate that no evidence supports the jury's finding. *See Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex. 1983); *Christus St. Mary Hosp. v. O'Banion,* 227 S.W.3d 868, 873 (Tex. App.—Beaumont 2007, pet. denied). Under the SVP statute, a person can be civilly committed for treatment based on a finding that he is a sexually violent predator. Tex. Health & Safety Code Ann. § 841.062 (West 2010). A sexually violent predator is a person who "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id.* § 841.003(a) (West Supp. 2014).

With respect to the elements required to prove that a person is a sexually violent predator, Hernandez does not argue that the State did not prove that he was a repeat offender. In this case, the State's evidence includes proof that Hernandez committed two prior sexually violent crimes. During his civil commitment trial, the trial court granted the State's request for a directed verdict on the question of whether Hernandez was a repeat offender. Instead, Hernandez argues that the evidence during his trial was insufficient to show that he suffers from a behavioral

3

abnormality, and fails to sufficiently demonstrate that he is likely to commit another sexually violent offense.

The evidence before the jury includes the testimony of a psychiatrist, Dr. David Self. Dr. Self's testimony indicates that in forming his opinion about whether Hernandez has a behavioral abnormality and whether Hernandez is likely to reoffend, he used the definitions and standards found in Chapter 841 of the Texas Health and Safety Code. *See id*. § 841.003(a). However, Hernandez argues the underlying information that Dr. Self used to form his opinions was unreliable, rendering the opinions he expressed unreliable as well.

However, by failing to object at trial to Dr. Self's testimony based on a claim that the underlying information that Dr. Self used was not reliable, Hernandez is limited to arguing on appeal that Dr. Self's opinions were wholly conclusory, such that they amounted to no evidence. *See City of San Antonio v. Pollock,* 284 S.W.3d 809, 816, 818 (Tex. 2009); *In re Commitment of Barbee,* 192 S.W.3d 835, 843 (Tex. App.—Beaumont 2006, no pet.). And regardless of the reliability of the specific pieces of evidence that Dr. Self reviewed that Hernandez argues was unreliable, the record shows that he reviewed a significant amount of information that Hernandez does not argue was unreliable. The record shows that Dr. Self, a board certified psychiatrist, interviewed Hernandez before forming his

4

opinions. The record also reflects that Dr. Self reviewed numerous records containing information relevant to Hernandez's sexual history, and that Dr. Self formed his opinions based on his training as a psychiatrist and by using the types of records on which psychiatrists generally rely when they evaluate individuals in SVP cases. The record contains Dr. Self's explanation about how he reviewed and considered the information that he obtained on Hernandez in forming his opinions. Although Hernandez argues that some of the information that Dr. Self reviewed was unreliable, the record does not demonstrate that Dr. Self had no basis to support the opinions he expressed about Hernandez during the trial or that the opinions he expressed were wholly conclusory.

Hernandez further argues that the evidence is legally insufficient to support a finding that Hernandez is "likely" to engage in another predatory act of sexual violence. According to Hernandez, Dr. Self's definition of "likely" as "[m]ore than a mere possibility[,]" contradicts the Legislature's intention and is inconsistent with the U.S. Supreme Court's rulings in *Crane*[1] and *Hendricks*.[2] We have previously rejected the argument in SVP cases that the term "likely" has a precise definition such that it conveys any certain assigned percentage of risk. *In re*

---

[1] *Kansas v. Crane,* 534 U.S. 407 (2002).

[2] *Kansas v. Hendricks,* 521 U.S. 346 (1997).

5

*Commitment of Kalati,* 370 S.W.3d 435, 439 (Tex. App.—Beaumont 2012, pet. denied). Additionally, Dr. Self's testimony is not insufficient merely because the term "likely" is not defined by the statute or case law. *See In re Commitment of Cardenas,* No. 09-13-00484-CV, 2014 Tex. App. LEXIS 6441, at **7-8 (Tex. App.—Beaumont June 12, 2014, no pet.) (mem. op.); *In re Commitment of Kirsch,* No. 09-08-00004-CV, 2009 Tex. App. LEXIS 5436, at **17-19 (Tex. App.— Beaumont July 16, 2009, pet. denied) (mem. op.). In this case, the jury's assessment of whether Hernandez would likely reoffend was not dependent solely on the testimony of Dr. Self, the sole expert witness during Hernandez's commitment trial. In determining whether Hernandez would likely reoffend, the jury was entitled to weigh the credibility of all witnesses, and to weigh all of the evidence and testimony, including the testimony of Hernandez. In weighing the evidence, the jury was required to resolve any conflicts in the evidence, and it was allowed to draw reasonable inferences from basic facts to ultimate facts. *See Mullens,* 92 S.W.3d at 887. Given all of the evidence that was before the jury in Hernandez's case, the record does not show that the jury's conclusion that Hernandez would likely reoffend or that Dr. Self's opinions were without any basis. We overrule issue one.

In issue two, Hernandez relies on the same arguments for his factual sufficiency claim that he advanced to make his legal sufficiency claims. In reviewing factual sufficiency challenges in SVP cases, we weigh the evidence to determine whether a verdict that is supported by legally sufficient evidence nevertheless reflects a risk of injustice that compels our ordering a new trial. *In re Commitment of Day,* 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied). If the evidence is determined to be legally sufficient to support the jury's conclusion that the defendant is a sexually violent predator, and given the burden of proof placed on the State in SVP cases of proving its case beyond a reasonable doubt, the risk of an injustice arising from a verdict that is supported by legally sufficient evidence is necessarily slight. *Id.* Nonetheless, "if in the view of the appellate court after weighing the evidence, the risk of an injustice remains too great to allow the verdict to stand, the appellate court may grant the defendant a new trial." *Id.*

After examining and weighing the evidence, we further hold the record does not reflect a risk of injustice that requires granting a new trial in Hernandez's case. There was factually sufficient evidence introduced during Hernandez's trial to support the jury's conclusion that he is a sexually violent predator who is likely to reoffend. *Id*. We overrule issue two.

## Admissibility of Evidence

In issues three and four, Hernandez complains that the trial court abused its discretion in allowing Dr. Self to testify about the contents of records regarding Hernandez's criminal history. According to Hernandez, the trial court, over his objection, allowed Dr. Self to explain details of various incidents in the records that Dr. Self reviewed in forming his opinions that he contends should not have been admitted before the jury. According to Hernandez, the probative value of this evidence was substantially outweighed by the danger of its unfair prejudice because it was used for purposes other than to explain Dr. Self's opinions.

When Hernandez objected during the trial to Dr. Self disclosing the details about Hernandez's prior sexual offenses, the trial court overruled Hernandez's objections and instructed the jury that it was allowing the evidence for the purpose of showing the basis of Dr. Self's opinion. At that point, Hernandez asked that he be given a running objection to the testimony regarding his prior offenses. The trial court granted the request, and gave Hernandez a running objection with respect to any hearsay objections; however, with respect to Hernandez's complaint under Rule 403 that the testimony about the details of these incidents would be unduly prejudicial, the trial court stated: "I have to hear the testimony before I decide it may be more prejudicial than probative. I can't make that determination. At the

end, if you think it may meet that burden, you can make that objection." Thus, it appears the trial court denied Hernandez's request for a running objection regarding the prejudicial value of Dr. Self's testimony about Hernandez's prior criminal offenses. After Dr. Self described the various details of the particular incidents that he thought were in the records that were relevant to him in forming his opinions, Hernandez never asked the trial court to rule that the testimony about any specific incident was more prejudicial to him than probative. When Dr. Self finished his testimony, the record does not reflect that Hernandez moved to strike Dr. Self's testimony about any of the details regarding Hernandez's prior crimes.

We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Owens-Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 43 (Tex. 1998). A trial court abuses its discretion when it acts without reference to any guiding rules and principles, or if it acts arbitrarily and unreasonably. *E.I. du Pont de Nemours & Co., Inc. v. Robinson,* 923 S.W.2d 549, 558 (Tex. 1995); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985). We will reverse a judgment if an error by the trial court probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case on appeal. *See* Tex. R. App. P. 44.1(a).

9

According to the State, Hernandez failed to preserve his complaint about Dr. Self's testimony about what he found in the records regarding Hernandez's criminal history. As a prerequisite to presenting a complaint on appeal, the Rules of Appellate Procedure require that a party secure a ruling from the trial court to preserve the right to present that complaint on appeal. *See* Tex. R. App. P. 33.1. In this case, the record shows that Hernandez failed to preserve error about the prejudicial nature of Dr. Self relating to the jury the details of Hernandez's prior crimes. Because the trial court denied Hernandez's request for a running objection on his Rule 403 objection to Dr. Self's testimony, and Hernandez did not then object to the testimony on the basis that the details about that specific incident was more prejudicial than probative, Hernandez's objections to the testimony being admitted before the jury on the basis that the admission of it violated Rule 403 were not preserved for our review on appeal. *See* Tex. R. App. P. 33.1(a) (requiring a party to make a timely request, objection, or motion and obtain a ruling from the trial court to preserve error for appeal); Tex. R. Evid. 403. We overrule issue three.

In issue four, Hernandez argues that the trial court erred by allowing Dr. Self to relate to the jury details of the records he reviewed regarding an incident in which Hernandez was seen using a mirror on the bottom of a shopping cart to look

up the dresses of women shopping in a store. Hernandez argues that because he did not have an opportunity to cross-examine the witnesses who provided the information that was in a report that Dr. Self reviewed, the information about the incident was uncorroborated, and therefore unreliable. However, the record shows that Dr. Self informed the jury about the incident in the store involving the mirror to explain why employees in the store, in a subsequent incident at the store, were watching Hernandez when they observed him committing a sexual crime that involved a two-year-old child. That incident, which involved a two-year-old child, resulted in Hernandez's conviction for attempted indecency with a child.

Hernandez did not object to the testimony by Dr. Self when Dr. Self was describing the incident that involved the mirror. To the extent the testimony about the incident was hearsay, it is information that Dr. Self used in forming his opinions; as such, the trial court had the discretion to allow Dr. Self's testimony about the incident into evidence, even though the report Dr. Self reviewed about the incident was hearsay. *See* Tex. R. Evid. 705 (allowing a trial court to disclose the underlying facts or data on which an expert's opinion has been based).

On appeal, Hernandez argues that the evidence about the incident involving the mirror was unreliable. However, the trial court did not admit the information for the purpose of demonstrating that the incident occurred. Instead, when Dr. Self

began to testify, the trial court gave the jury a limiting instruction to explain that the jury was to use the information about what Dr. Self had used to form his opinions in evaluating what weight it would assign Dr. Self's testimony. Moreover, Hernandez did not object to the testimony on the basis that it violated Rule 403. An objection at trial must comport with the complaint the appellant seeks to raise on appeal; if it does not, the complaint is waived. *See In re Commitment of Weissinger*, No. 09–12–00486–CV, 2013 Tex. App. LEXIS 7819, at *7 (Tex. App.–Beaumont June 27, 2013, pet. denied) (mem. op.) ("An issue on appeal must comport with an objection made at trial; otherwise, the appellate complaint is waived.").

We hold that Hernandez failed to preserve the arguments he makes in issue four for our review on appeal. *See* Tex. R. App. P. 33.1(a). Having overruled all of Hernandez's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on March 2, 2015
Opinion Delivered November 5, 2015

Before Kreger, Horton, and Johnson, JJ.

12