

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00230-CV

**CHARLOTTE SCOTT,**

**Appellant**

 **v.**

**THE HOMEOWNER'S ASSOCIATION
OF SPRING CREEK, INC.,**

**Appellee**

### From the 443rd District Court
### Ellis County, Texas
### Trial Court No. 90918

## MEMORANDUM OPINION

Charlotte Scott appeals from a judgment that found her in violation of a restrictive covenant relating to the installation of a gate on her property, required her to remove the gate, and awarded attorney's fees to The Homeowner's Association of Spring Creek, Inc. (HOA). Scott complains that the trial court erred by failing to enter findings of fact and conclusions of law, that the evidence was legally insufficient for the trial court to have

found that she violated the restrictive covenant, that the evidence was factually insufficient for the trial court to have found any other violations of the restrictive covenants, and that the trial court's finding that the HOA did not act in an arbitrary, capricious, or unreasonable manner was against the great weight and preponderance of the evidence. Because we find no reversible error, we affirm the judgment of the trial court.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In her first issue, Scott complains that the failure of the trial court to timely file findings of fact and conclusions of law should necessitate a reversal because she was unable to present her issues properly on appeal. In response to her initial brief raising this issue, pursuant to Rule of Appellate Procedure 44.4, we agreed with Scott and abated this proceeding to the trial court for the entry of the required findings and conclusions. *See* TEX. R. APP. P. 44.4. The trial court entered findings of fact and conclusions of law, and we allowed Scott to rebrief her issues in response to the trial court's findings and conclusions. Scott has filed an amended brief with this Court, but argues that this remedy was insufficient. However, Scott has not shown how she is now unable to properly present her issues in this appeal because of the trial court's initial failure. We do not find that the trial court's error in failing to enter the requested findings and conclusions, an error which has now been remedied, constitutes reversible error because she has not been

prevented from properly presenting her case to this Court. *See* TEX. R. APP. P. 44.1(a)(2). We overrule issue one.

SUFFICIENCY OF THE EVIDENCE

In her second, third, and fourth issues, Scott challenges the sufficiency of the evidence to support the judgment of the trial court.

**STANDARD OF REVIEW**

Because the trial court has now entered findings of fact and conclusions of law, we initially note that the findings of fact entered in a case tried to the court have the same force and dignity as a jury verdict. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). We thus review findings of fact by the same standards that are applied in reviewing the legal and factual sufficiency of the evidence supporting a jury's answer to a question in a jury charge. *Id.*

We may sustain a legal-sufficiency challenge on which a party did not have the burden of proof only when: (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998). In determining whether there is legally-sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder

could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005).

Anything more than a scintilla of evidence is legally sufficient to support the finding. *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996); *Leitch v. Hornsby*, 935 S.W.2d 114, 118 (Tex. 1996). When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence. *Kindred v. Con/Chem., Inc.*, 650 S.W.2d 61, 63 (Tex. 1983). More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about the existence of a vital fact. *Rocor Int'l, Inc. v. Nat'l Union Fire Ins. Co.*, 77 S.W.3d 253, 262 (Tex. 2002).

When considering the factual sufficiency of the evidence to support an adverse ruling on which the party challenging the judgment did not have the burden of proof, we examine all of the evidence and "set aside the [finding] only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam). Under either standard of review, the trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986); *see City of Keller*, 168 S.W.3d at 819.

When a party attacks the factual sufficiency of an adverse finding on an issue on which it has the burden of proof, that party must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001); *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983). We must consider and weigh all of the evidence, and can set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Dow Chem. Co.*, 46 S.W.3d at 242; *see Service Corp. Int'l v. Guerra*, 348 S.W.3d 221, 228 (Tex. 2011).

**DEEMED APPROVAL**

In her second issue, Scott complains that the evidence was legally insufficient for the trial court to have found that she violated a restrictive covenant contained in her deed because the Board of Directors of the HOA failed to conduct a hearing on her appeal of the denial of her Property Modification Request (PMR), which resulted in a deemed approval of her request. She thus argues that because her request was deemed to be approved, the evidence was legally insufficient to show that she was in violation of the restrictive covenant.

Scott's residence is part of the area governed by The Homeowner's Association of Spring Creek, Inc. The HOA has a Declaration of Covenants which contains the procedures necessary for obtaining approval to make modifications to property contained within the area governed by the HOA. An individual seeking permission to

make a modification must make a "Property Modification Request" (PMR) to an Architectural Control Committee (ACC), whose responsibility is to review the request and to grant or deny it.

The Declaration of Covenants requires that in the event a PMR is disapproved, the ACC must inform the applicant in writing with a "reasonable statement of the reasons for disapproval." The Declaration of Covenants also contains the following provision in relevant part:

> DEEMED APPROVAL. If the ACC fails to respond in writing—negatively, affirmatively, or requesting information—within 60 days after the ACC's actual receipt of the owner's application, the owner may submit a second request for processing of its original application. If the board fails to respond within 45 days after the boards [sic] actual receipt of the owner's second request, the owner's application is deemed approved. The owner may then proceed with the improvement, provided he adheres to the plans and specifications, which accompanied his application, and provided he initiates and completes the improvement in a timely manner.

Scott submitted a PMR to the ACC requesting permission to install a wrought iron gate across her driveway on November 3, 2014. The ACC, which was comprised of the five members of the HOA's Board of Directors, denied the request in writing on November 10, 2014. Scott sent the Board of Directors a letter on November 15, 2014, challenging the findings of the ACC and asking for reconsideration of their decision. The Board of Directors responded in writing to Scott's November 15 letter, reaffirming the denial of the PMR. Scott responded in writing on November 25, stating that she would no longer correspond with the Board of Directors except through legal counsel and that

she was pursuing litigation. In that letter Scott informed the Board that she intended to follow through with the installation of the gate, and the gate was installed sometime in the month of December. The Board sent Scott a third letter denying her PMR on December 23, 2014. The Board did not ever meet in person to discuss Scott's requests, but each denial letter contained a statement that the Board would be willing to meet with Scott to discuss the issue.

On January 25, 2015, the Board, through its attorney, sent Scott a letter demanding that she remove the gate. Scott filed this action, seeking a temporary restraining order and a declaration that the gate should not be removed. The Board filed counterclaims, seeking a declaration that Scott was in violation of the restrictive covenants and ordering removal of the gate, and sought fines and attorney's fees. The trial court ultimately found that Scott was in violation of the restrictive covenants and that the gate should be removed. The trial court also ordered Scott to pay the HOA's attorney's fees.

Scott contends that her November 10 letter constitutes an appeal of the ACC's decision and the failure of the Board of Directors to conduct a meeting to hear Scott's appeal resulted in a deemed approval of her PMR pursuant to the Declaration provision set forth above. In support of this argument, Scott argues that Chapter 209 of the Texas Property Code applies to the HOA, and within that chapter, Section 209.0051 of the Property Code includes a provision that appeals from the ACC require the Board to conduct a meeting with prior written notice to owners. TEX. PROP. CODE ANN. §

209.0051(h)(7) (West 2014). It is undisputed that there was no meeting conducted by the Board relating to an appeal of Scott's PMR, if any of Scott's subsequent letters could be considered an appeal of the ACC's decision. However, Scott does not complain that the failure of the Board to conduct a hearing on an appeal of her PMR request was erroneous or to seek a remedy based upon the failure. Scott's issue is limited to her claim that she was entitled to deem her request to be approved based on that section of the Declaration.

Scott has not provided any citations, nor have we found any provisions in either the restrictive covenants or the Property Code relating to an appeal of the denial of a PMR in this scenario. The ACC did follow the requirements of the restrictive covenants by denying her request in writing with an explanation of the denial, which makes the provision in the Declaration upon which Scott relies to establish her deemed approval inapplicable. We do not find that the trial court erred by finding that the request was not deemed approved, and we find that the evidence was legally sufficient on this basis. We overrule issue two.

**NO OTHER VIOLATION**

In her third issue, Scott complains that the evidence was factually insufficient for the trial court to have found that she violated any restrictive covenant because there was no prohibition against the installation of the wrought iron gate other than the necessity for approval of the ACC, which was deemed approved. However, because we have found that the evidence was sufficient for the trial court to have found that Scott did

violate the restrictive covenant because the installation of the gate was not deemed approved, this issue is moot. We overrule issue three.

**ARBITRARY, CAPRICIOUS, AND UNREASONABLE**

In her fourth issue, Scott complains that the trial court's finding that the ACC did not act in a manner that was arbitrary, capricious, and/or unreasonable was against the great weight and sufficiency of the evidence. Section 202.004(a) of the Texas Property Code creates a presumption that a homeowner's association exercises its discretionary authority concerning a restrictive covenant reasonable "unless the court determines by a preponderance of the evidence that the exercise of discretionary authority was arbitrary, capricious, or discriminatory." TEX. PROP. CODE ANN. § 202.004(a). Thus, Scott had the burden of proof to show that the ACC's actions were arbitrary, capricious, and/or unreasonable.

Scott's PMR sought permission to install a wrought iron gate to run across her driveway which ran along the side of her residence to the garage and parking area in the rear. The ACC's initial denial of her request stated that the following non-exclusive considerations were made in denying her request:

1) No other metal gates are installed in the subdivision.
2) Your Property Plot/plat shows the fence line approved by the city.
3) Your plans to possibly install an outdoor kitchen in your driveway in 2015 would effectively change that section of your driveway into a patio.
4) A variance to your property/plat would be required.

The letter sent to Scott after her November 15 letter also stated that the request was being denied because the ACC believed that the fence would not blend with the community as a whole. The Declaration of Covenants grants the ACC with the "sole discretion with respect to taste, design, and all standards specified" in the Declaration, including the authority to "establish and enforce architectural restrictions, guidelines, and standards relating to every aspect of proposed or existing improvements on a lot, including but not limited to dwellings, fencing, and landscaping." This authority extends to requiring prior approval by the ACC of the "[i]nstallation of all exterior items and surfaces, including address numbers, decorative hardware, fencing, walls, external ornamentation, light fixtures, and exterior paint and stain" and includes "design, color, materials, and location" of any improvements.

During the trial, evidence was presented regarding the use of wrought iron in fencing around common areas in the community and fencing that was installed prior to the creation of the HOA which was grandfathered into the Declaration. Evidence was also presented regarding one homeowner who installed a wrought iron gate across his driveway without prior ACC approval, but who modified the gate to cover it with wood so that it would conform to the materials used around the homeowner's property and be satisfactory to the ACC. Scott's fence around her property was entirely made of wood.

The members of the ACC who testified at the hearing stated that they considered the governing documents of the HOA and the aesthetics of the community as a whole

when denying her request. They further stated that the denial was because there were no other metal gates across driveways in the community.

Relating to bias against Scott, the evidence showed that Scott had other PMR's which had been approved by the ACC, including the installation of outdoor lighting, a modification of her garage, and patio improvements. The chain of emails between the members of the ACC admitted into evidence relating to this PMR do not appear to demonstrate bias against Scott. A separate chain of emails from a few months prior to Scott's PMR were also admitted into evidence in which one of the ACC members stated that Scott "is a piece of work" in response to a comment that Scott was complaining about a trailer parked across the street from her, which was a violation of the Declaration, when she had been seen violating the Declaration in a different manner by setting off fireworks in the community a short time prior to her complaint.

The trial court made findings that the ACC denied Scott's PMR "because it did not comply with the existing taste, design, quality and harmony of the subdivision," that the statement provided to Scott was a reasonable statement of its reasons for the disapproval, and that the ACC did not act with bias in its consideration of the PMR. While there was competing evidence regarding the relationship between Scott and at least some members of the ACC, we do not agree with Scott that the trial court's findings were against the great weight and preponderance of the evidence. The evidence was not factually insufficient to support the trial court's findings. We overrule issue four.

## CONCLUSION

Having found no reversible error, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed April 11, 2018
[CV06]

