

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00697-CV

Lois S. **CANTU**,
Appellant

v.

Chad **HANCHEY** and Alyka Hanchey,
Appellees

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CVCN-16-0000163
Honorable M. Rex Emerson, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:       Rebeca C. Martinez, Justice
               Beth Watkins, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: July 31, 2019

AFFIRMED

Appellees Chad and Alyka Hanchey sued appellant Lois S. Cantu alleging there was a latent defect in the home they purchased from Cantu. After a bench trial, the trial court signed a judgment finding Cantu liable and awarding the Hancheys damages and attorney's fees. On appeal, Cantu argues the evidence was legally insufficient to support the damages award and the Hancheys were not entitled to recover attorney's fees. We affirm the trial court's judgment.

**BACKGROUND**

The Hancheys purchased a home in Pipe Creek, Texas from Cantu. Before the purchase, Cantu filled out a Seller's Disclosure Form claiming she was not aware of any active or previous infestation of termites or other wood-destroying insects (WDI). The Hancheys relied on that disclosure, purchased the property, and moved in. Almost immediately, they observed insects and crumbling sheetrock in the house, which later revealed an infestation of termites and carpenter ants inside the walls.

The Hancheys sued Cantu alleging several causes of action and seeking monetary damages. At a bench trial, the Hancheys testified to damages from the WDI infestation. The trial court signed a judgment finding Cantu liable for fraud and ordering Cantu to pay damages of $40,000 for damage to the Hanchey home, $3,500 for the cost of pest treatment, and $21,748 in attorney's fees and costs. The trial court issued findings of fact and conclusions of law, finding evidence of "extensive carpenter ant infestation" with "termites and dirt up to waist high in the walls." The trial court further found that this infestation resulted in "significant structural damage to the sheetrock, studs and footers" of the east and south east walls. Cantu appealed.

**ANALYSIS**

***Standard of Review***

In an appeal from a bench trial, the trial court's findings of fact have the same force and effect as jury findings. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). We review a trial court's findings of fact under the same legal sufficiency standard that we use when determining whether sufficient evidence exists to support an answer to a jury question. *Rosas v. Comm'n for Lawyer Discipline*, 335 S.W.3d 311, 316 (Tex. App.—San Antonio 2010, no pet.). When an appellant attacks the legal sufficiency of an adverse finding on an issue for which it did

not have the burden of proof, it must demonstrate that there is no evidence to support the adverse finding. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983).

No evidence exists to support a finding when there is: (a) a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a scintilla; or (d) the evidence conclusively establishes the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). Under this standard, we consider the evidence in the light most favorable to the prevailing party and indulge every inference in its favor. *Id.* at 822. We must credit any favorable evidence if a reasonable fact finder could and disregard any contrary evidence unless a reasonable fact finder could not. *Id.* at 821–22, 827.

### *Applicable Law*

The type of compensation a trial court awards for injury to real property depends upon the nature of the injury. *See Uvalde Cty. v. Barrier*, 710 S.W.2d 740, 743–44 (Tex. App.—San Antonio 1986, no writ). When injury to the land is permanent, a landowner may recover the lost value of the land—the difference in market value of the land immediately before and after the injury. *Hous. Unlimited, Inc. Metal Processing v. Mel Acres Ranch*, 443 S.W.3d 820, 825 (Tex. 2014). Injury to real property is considered permanent if: (a) it cannot be repaired, fixed, or restored; or (b) even though the injury can be repaired, fixed, or restored, it is substantially certain that the injury will repeatedly, continually, and regularly recur, such that future injury can be reasonably evaluated. *Gilbert Wheeler, Inc. v. Enbridge Pipelines (E. Tex.), L.P.*, 449 S.W.3d 474, 480 (Tex. 2014).

### *Application*

We begin by addressing the Hancheys' argument that Cantu did not preserve her legal sufficiency complaint because she failed to request additional findings of fact and conclusions of

law. Texas Rule of Appellate Procedure 33 provides that "[i]n a civil nonjury case, a complaint regarding the legal or factual insufficiency of the evidence . . . may be made for the first time on appeal in the complaining party's brief." TEX. R. APP. P. 33.1(d). Cantu's legal sufficiency challenge is, therefore, properly preserved. *See id.*

Substantively, Cantu argues that there is no evidence to support the $40,000 damages award. Here, the measure of damages is diminished market value because the injury to the Hancheys' land is permanent. *See Hous. Unlimited*, 443 S.W.3d at 825. The permanent nature of the injury is demonstrated by the evidence the Hancheys presented at trial. First, Chad testified that his home was in such a condition that he could no longer sell it. He also testified that the disclosures he would have to complete would almost certainly deter future purchasers. He also explained that the large scope of work required—repairing "every piece of sheetrock, every stud we have exposed"—was simply not feasible.

For that reason, we review the legal sufficiency of the evidence of the diminished market value of the Hancheys' property. *See id.* Primarily, Cantu argues Chad was legally incompetent to testify about the diminished market value of his property. She also argues Chad failed to provide evidence about comparable homes as required by the Property Owner Rule. We disagree.

The Property Owner Rule permits a homeowner to testify as to the value of her property even if she is not an expert and would not typically be qualified to testify on such a matter. *Nat. Gas Pipeline Co. v. Justiss*, 397 S.W.3d 150, 156 (Tex. 2012). This rule is based on the presumption that a homeowner is familiar with her property and knows its value. *Id.* In *Natural Gas Pipeline*, the Texas Supreme Court applied the Property Owner Rule in a nuisance case where the affected homeowners testified that the nuisance decreased their property values, but failed to provide evidence of "price paid, nearby sales, tax valuations, appraisals, [and] online resources" for comparable homes. *Id.* at 159.

We presume that as a homeowner, Chad is familiar with his property and knows its value. *See id.* at 156. In addition, the trial court specifically relied on his "prior education as a [Licensed Real Estate Agent]" in its findings and conclusions. This experience provides Chad with an additional basis to support his opinion as to the value of his property. *See id.* (requiring a property owner to have a basis for value she provides). We therefore disagree that Chad was legally incompetent to provide evidence about the value of his property.

Substantively, Chad testified that he originally paid $316,500 for the house and land. Then, following Cantu's objections, he explained that the house across the street from his was for sale for $440,000. He testified that house is 2,100 square feet on a 10-acre lot and his is 2,300 square feet on a 20-acre lot. He then described several other homes in his neighborhood that were also selling for $440,000, although admittedly those homes were in better condition than his own. This evidence supported Chad's testimony that the value of his land is approximately $100,000 and "I can't imagine that the house has any value to anyone."

Chad's explanation for how he arrived at the figures he provided, along with his prior experience as a licensed real estate agent, provide the requisite basis to provide this evidence under *Natural Gas Pipeline*. This is more than a scintilla of evidence to support the trial court's judgment. *See City of Keller*, 168 S.W.3d at 810. We therefore overrule Cantu's first issue.

### *Attorney's Fees*

Cantu also argues that if we find the damages award to be supported by legally insufficient evidence, we are required to reverse the award of attorney's fees. Since we have found that legally sufficient evidence supports the damages award, the Hancheys are prevailing parties entitled to recover their attorney's fees under section 17.50(d) of the Texas Business and Commerce Code. TEX. BUS. & COM. CODE ANN. § 17.50(d); *McLaughlin, Inc. v. Northstar Drilling Techs., Inc.*, 138 S.W.3d 24, 29 (Tex. App.—San Antonio 2004, no pet.). Cantu's final issue is likewise overruled.

## CONCLUSION

We affirm the trial court's judgment.

Beth Watkins, Justice