

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-18-00277-CV**

**IN RE THE COMMITMENT OF K.S.**

_____

**From the 87th District Court**
**Freestone County, Texas**
**Trial Court No. CV 17-229-A**

**OPINION**

The State of Texas filed a petition to civilly commit Kevin Starks as a sexually-violent predator under the Sexually Violent Predator Act (the "Act"). *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.001-.151. A jury found beyond a reasonable doubt that Starks is a sexually-violent predator. *Id.* § 841.003. The trial court entered a final judgment and order of civil commitment under the Act. On appeal, Starks raises three issues. Because we overrule of all Starks's issues on appeal, we affirm the judgment of the trial court.

### I.    SUFFICIENCY OF THE EVIDENCE THAT STARKS IS A SEXUALLY-VIOLENT PREDATOR

In his first two issues, Starks contends that the evidence is legally and factually insufficient to support the jury's finding beyond a reasonable doubt that he is a sexually-violent predator because the testimony of the State's expert, Sheri Gaines, M.D., amounts to no evidence given that it is conclusory and speculative.  We disagree.

### A.    Standard of Review

Proceedings under the Act are civil in nature, but because the State's burden of proof at trial is the same as in a criminal case, we review verdicts in cases brought under the Act using the standard of review applied in criminal cases.  *In re Commitment of Stuteville*, 463 S.W.3d 543, 551 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).  When reviewing a legal-sufficiency challenge to the evidence in a sexually-violent-predator case, we assess all of the evidence in the light most favorable to the verdict to determine whether a rational jury could find, beyond a reasonable doubt, each of the elements that the State must prove to support a judgment of civil commitment.  *In re Commitment of H.L.T.*, 549 S.W.3d 656, 661 (Tex. App.—Waco 2017, pet. denied) (citing *In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied)).  To prevail on a legal-sufficiency challenge to the evidence, Starks must demonstrate that no evidence supports the jury's finding.  *Id.* (citing *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983); *Christus St. Mary Hosp. v. O'Banion*, 227 S.W.3d 868, 873 (Tex. App.—Beaumont 2007, pet.

denied); *In the Commitment of Soto*, No. 09-12-00606-CV, 2014 Tex. App. LEXIS 2555, at *4

(Tex. App.—Beaumont Mar. 6, 2014, no pet.)).

Recently, the Texas Supreme Court articulated the proper standard for factual-

sufficiency review of a finding that a person is a sexually-violent predator as follows:

> The appellate standard governing a factual-sufficiency review of a finding that a person is a sexually violent predator is whether, in light of the entire record, the disputed evidence a reasonable factfinder could not have credited in favor of the verdict, along with undisputed facts contrary to the verdict, is so significant that the factfinder could not have found beyond a reasonable doubt that the statutory elements were met.

*In re Commitment of Stoddard*, No. 19-0561, ___ S.W.3d ___, 2020 Tex. LEXIS 1154, at **26-

27 (Tex. Dec. 18, 2020).

**B.      Applicable Law**

As defined by the Legislature, a sexually-violent predator is a person who "(1) is

a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that

makes the person likely to engage in a predatory act of sexual violence." TEX. HEALTH &

SAFETY CODE ANN. § 841.003(a). With regard to the first element, a person is a "repeat

sexually violent offender" if "the person is convicted of more than one sexually violent

offense and a sentence is imposed for at least one of the offenses . . . ." *Id.* § 841.003(b).

As relevant here, indecency with a child, as outlined in section 21.11(a)(1) of the Texas

Penal Code, and aggravated sexual assault are sexually-violent offenses. *Id.* §

841.002(8)(A); *see* TEX. PENAL CODE ANN. §§ 21.11(a)(1), 22.021.

For the second element, a "[b]ehavioral abnormality" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." TEX. HEALTH & SAFETY CODE ANN. § 841.002(2). Texas courts have stated that "[a] condition which affects either emotional capacity or volitional capacity to the extent that a person is predisposed to threaten the health and safety of others with acts of sexual violence is an abnormality which causes serious difficulty in behavior control." *In re Commitment of Almaguer*, 117 S.W.3d 500, 506 (Tex. App.—Beaumont 2003, pet. denied); *see, e.g., In re Commitment of Lucero*, No. 09-14-00157-CV, 2015 Tex. App. LEXIS 1098, at *2 (Tex. App.—Beaumont Feb. 5, 2015, pet. denied) (mem. op.). The State bears the burden of proving these two elements beyond a reasonable doubt. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.062.

## C.    Discussion

In his first two issues, Starks challenges the reliability of Dr. Gaines's testimony, arguing that it was conclusory and speculative and, thus, amounted to no evidence in support of the jury's finding that he is a sexually-violent predator. Conclusory testimony cannot support a judgment because it is considered no evidence. *Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 222 (Tex. 2019). An expert's testimony is conclusory when the expert asserts a conclusion with no basis. *Id.* at 223. The expert must link her conclusions to the facts, explaining the basis of her assertions.

*Id.* Additionally, an expert's experience alone may be a sufficient basis for expert testimony. *Id.* at 227. However, asking the jury to take the expert's word for it because of her status as an expert will not suffice. *Id.* at 223. Therefore, a judgment may not be supported by conclusory expert testimony even if a party did not object to admission of such testimony. *City of San Antonio v. Pollock*, 284 S.W.3d 809, 816 (Tex. 2009) ("[W]hen expert testimony is speculative or conclusory on its face . . . then a party may challenge the legal sufficiency of the evidence even in the absence of any objection to is admissibility."); *see In re Commitment of H.L.T.*, 549 S.W.3d at 661-62.

Dr. Gaines, a medical doctor with a specialization in psychiatry, testified that she evaluated Starks to determine if he has a behavioral abnormality. In making this determination, Dr. Gaines explained that she used standard methodology for performing a psychiatric evaluation. Specifically, she conducted a face-to-face psychiatric evaluation of Starks that lasted two-and-a-half hours, and she reviewed hundreds of pages of documents, including penitentiary packets, an evaluation by psychologist Dr. Jorge Varela, offense reports, reports of district attorneys, prison records, medical records, parole records, sex-offender-treatment records, victim statements, and sheriff's office reports. Among the documents reviewed by Dr. Gaines were Starks's prior convictions, which included a 2009 conviction for indecency with a child under section 21.11(a)(1) of the Penal Code that resulted in a ten-year prison sentence, a 1985 conviction for indecency with a child younger than seventeen years old that resulted in Starks being placed on

probation for two years[1], and a 1986 conviction for aggravated sexual assault of a child younger than fourteen years old that also resulted in a ten-year prison sentence.[2] Dr. Gaines emphasized that the methodology she used is in accordance with her training and in accordance with the accepted standards in forensic psychiatry. Dr. Gaines also noted that she was interested in older information about Starks to see if there was a pattern of behavior. In particular, Dr. Gaines was "looking for evidence that that person hasn't learned from their past mistakes. I'm looking for evidence that that person hasn't changed their behavior." According to Dr. Gaines, Starks's history demonstrated that he repeatedly perpetrated sexual offenses against prepubescent girls; that he often committed multiple offenses against each girl; and that he minimized his actions, denying many of the acts and blaming other acts on alcohol intoxication. Dr. Gaines further noted

---

[1] Starks's probation was revoked for the 1985 conviction for indecency with a child younger than seventeen years old because he committed another criminal offense—burglary of a vehicle. As a result of the revocation of his probation, Starks received a two-year prison sentence. Starks was released on parole and immediately committed another sexual offense—aggravated sexual assault of a child younger than fourteen years old.

[2] Starks was released on parole for his 1986 conviction for aggravated sexual assault of a child younger than fourteen years old. However, Starks once again violated the conditions of his parole by not reporting, by not going to therapy, by not paying fees, and for an arrest for assault family violence. Starks was then placed in a rehabilitation facility. After serving time in a rehabilitation facility, Starks was released on parole. Starks violated the conditions of his parole for a third time by failing to complete sex-offender treatment, for changing his residence without reporting, and by failing to pay fees. Thus, Starks was returned to prison. He was released on parole two more times, and he violated the conditions of his parole both times. The latter violation was premised on Starks's arrest for failure to identify as a fugitive. Accordingly, Starks was returned to prison in 2002. Eventually, Starks discharged his sentence. However, in 2009, Starks reoffended by committing the offense of indecency with a child under section 21.11(a)(1) of the Penal Code.

that Starks's extensive criminal history demonstrates his inability to follow rules and conform to societal norms.

Using the Diagnosis and Statistical Manual (DSM-V), Dr. Gaines ultimately concluded that Starks has a behavioral abnormality based on two risk factors—that Starks is a sexual deviant who directs his sexual thoughts and acts towards prepubescent girls (pedophilic disorder) and that he has an antisocial personality disorder. These two risk factors are "a perfect storm, a really bad combination" that typically results in sexual recidivism, which Dr. Gaines described as "doing it again. You get caught, you get a consequence, and you do it again." Indeed, Dr. Gaines repeated Dr. Varela's conclusion that, based on group statistics, Starks is an above average risk of reoffending.

Dr. Gaines further explained that her finding of a behavioral abnormality mirrored the finding of Dr. Varela, who was part of the prison multidisciplinary team that did an initial psychological evaluation of Starks. Dr. Gaines also opined that pedophilic disorder is a chronic condition that has no cure. With regard to her diagnosis of antisocial personality disorder, Dr. Gaines relied on the DSM-V and Starks's long criminal history that began when he was fifteen years old and he hit a neighbor with a baseball bat. Because of the two diagnosed risk factors, Dr. Gaines concluded that Starks in unable to conform his behavior to legal behavior. Rather, "the prison environment is very structured, very predictable" and Starks "appears to do well with that structure and consistency."

Based on the foregoing, we conclude that the record provides support for Dr. Gaines's opinions. Consequently, her opinions cannot be characterized as wholly conclusory or without any foundation. *See In re Commitment of H.L.T.*, 549 S.W.3d at 661-64 (concluding that Dr. Gaines's expert testimony was not wholly conclusory or without any foundation based on her testimony that she made diagnoses using the DSM-V and based on facts from the person's past, reports from a psychologist who found the person to suffer from a behavioral abnormality, a face-to-face interview of the person, a consideration of various risk factors for sexually reoffending, a consideration of prior sexual offenses, and her knowledge and expertise to support her opinion, among other things); *see also Pollock*, 284 S.W.3d at 817. Furthermore, viewing the evidence in the light most favorable to the verdict, we hold that a rational jury could have found, beyond a reasonable doubt, that Starks is a repeat, sexually-violent offender and suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.002(2), 841.003(a); *In re Commitment of H.L.T.*, 549 S.W.3d at 661-64; *In re Commitment of Almaguer*, 117 S.W.3d at 506. In other words, we conclude that the evidence is legally sufficient to support the jury's finding that Starks is a sexually-violent predator. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.003(a), 841.062; *In re Commitment of H.L.T.*, 549 S.W.3d at 661-64; *In re Mullens*, 92 S.W.3d at 885.

In light of the entire record, the evidence is also factually sufficient to support the jury's verdict. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.003(a), 841.062; *see also In re Commitment of Stoddard*, 2020 Tex. LEXIS 1154, at **16-17, 26-27 (citing *In re A.C.*, 560 S.W.3d 624, 631 (Tex. 2018); *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)). The jury was entitled to draw reasonable inferences from basic facts to determine ultimate fact issues, and to resolve conflicts and contradictions in the evidence by believing all, some, or none of the testimony. *See In re Commitment of Barbee*, 192 S.W.3d 835, 842 (Tex. App.—Beaumont 2006, no pet.). The jury apparently chose to accept as credible Dr. Gaines's testimony. Accordingly, we overrule Starks's first two issues.

## II. SUFFICIENCY OF THE EVIDENCE THAT STARKS IS LIKELY TO COMMIT A SEXUALLY-VIOLENT OFFENSE FOR THE PRIMARY PURPOSE OF VICTIMIZATION

In his third issue, Starks asserts that the evidence is legally and factually insufficient to prove beyond a reasonable doubt that he suffers from a behavior abnormality that makes him likely to engage in a predatory act of sexual violence. Specifically, Starks complains that the State did not present any evidence that he would commit an act directed towards individuals, including family members, for the primary purpose of victimization.

As stated earlier, the State has the burden to prove beyond a reasonable doubt that Starks suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.003(a),

841.062(a).  A "[p]redatory act" is "an act directed toward individuals, including family members, for the primary purpose of victimization."  *Id.* § 841.002(5).

The Texas Supreme Court has held that "whether a person 'suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence' is a single, unified issue."  *In re Commitment of Bohannan*, 388 S.W.3d 296, 303 (Tex. 2012) (quoting TEX. HEALTH & SAFETY CODE ANN. § 841.003(a)(2)).  Consistent with the *Bohannan* decision, Texas courts have held that a conclusion that a person is likely to engage in a predatory act of sexual violence directed towards individuals for the primary purpose of victimization is implicit in the finding that a person has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence.  *See In re Commitment of Harris*, 541 S.W.3d 322, 328-29 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("We disagree with appellant's view that the question whether his likely future acts will be predatory in nature—or, put another way, whether their primary purpose is likely to be for victimization—is a separate issue from whether he suffers from a behavioral abnormality that predisposes him to commit a sexually violent offense. . . .  In light of the supreme court's opinion, we conclude that evidence of a person's predisposition to commit a sexually violent offense to the extent he becomes a menace to the health and safety of another person is sufficient to show that the person is likely to engage in a predatory act of sexual violence for the primary purpose of victimization."); *In re Commitment of Colantuono*, 536 S.W.3d 549, 558 (Tex. App.—San Antonio 2017, no

pet.); *see also In re Commitment of Hayes*, No. 02-18-00018-CV, 2018 Tex. App. LEXIS 7912, at **6-9 (Tex. App.—Fort Worth Sept. 27, 2018, no pet.); *In re Commitment of Simmons*, No. 09-09-00478-CV, 2011 Tex. App. LEXIS 4500, at *18 (Tex. App.—Beaumont June 16, 2011, no pet.) (mem. op.) (citing *In re Commitment of Almaguer*, 117 S.W.3d at 505; *In re Commitment of Bailey*, No. 09-09-00353-CV, 2010 Tex. App. LEXIS 6685, at **12-14 (Tex. App.—Beaumont Aug. 19, 2010, no pet.) (mem. op.); *In re Commitment of Grinstead*, No. 09-07-00412-CV, 2009 Tex. App. LEXIS 228, at *16 (Tex. App.—Beaumont Jan. 15, 2009, no pet.) (mem. op.)). Therefore, in light of the foregoing, and because we have concluded that the jury's finding that Starks suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence is supported by legally- and factually-sufficient evidence, we overrule Starks's third issue.

## III. CONCLUSION

Having overruled all of Starks's issues on appeal, we affirm the judgment of the trial court.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
    Justice Neill,
    and Justice Johnson
Affirmed
Opinion delivered and filed March 24, 2021
Publish
[CV06]

